UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP,<br><br>Petitioner,<br><br>v.<br><br>GENEREX BIOTECHNOLOGY CORP.<br><br>Respondent. | Civil Action No. |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group ("AEXG"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, respectfully petitions this Court to confirm an arbitration award as follows:

### NATURE OF THE ACTION

1. This proceeding is brought by AEXG pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration award (the "Arbitration Award") rendered against Respondent Generex Biotechnology Corp. ("Generex") on December 3, 2018, in the arbitration *Three Brothers Trading, LLC v. Generex Biotechnology Corp*, Case No. 01-17-0007-1894, administered by David F. Kolb (the "Arbitrator") in the International Centre for Dispute Resolution of the American Arbitration Association ("AAA"). A copy of the Arbitration Award is attached hereto as Exhibit A.

### THE PARTIES

2. Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group, is a limited liability company under the laws of New York, the members of which—Richard Alter

1

and Caroline Alter—are residents of Mamaroneck, New York.  AEXG's principal place of business is located at 708 Third Avenue, New York, New York 10017.

3. Respondent Generex Biotechnology Corp. is a Delaware entity, with its principal place of business located at 4145 North Service Road, Burlington, Ontario L7L 6A3 and 10102 USA Today Way, Miramar, Florida 33025.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because Petitioner and Respondent are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper and personal jurisdiction exists because Respondent agreed to arbitrate in New York, New York, and the Arbitration Award was made in this District.  *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.").

## RELEVANT FACTS AND PROCEEDINGS

6. In February 2017, AEXG and Generex entered into a written Memorandum of Understanding (the "Contract"), attached hereto as Exhibit B, agreeing that AEXG would provide referral services to Generex, which wished to secure financing for its business.

7. In lieu of Generex providing a retainer fee to AEXG, Generex agreed to a sixty-day "No Shop" exclusivity provision, which provided that AEXG had the exclusive right to secure financing for Generex during the exclusivity period, which ran from February 8, 2017 to April 9, 2017.  (*See* Ex. B at 2.)  The Contract included an explicit remedy for breach of the exclusivity provision: in the event that Generex secured any financing from an investor not

referred by AEXG during the exclusivity period, Generex was to compensate AEXG as if AEXG had sourced the financing. (*Id.*)

8.  The parties agreed to arbitrate any disputes concerning the Contract. Specifically, the Contract provides:

> Any controversy or claim arising out of, or relating to, this Agreement, to the making, performance, or interpretation of it, shall be settled by arbitration in New York, New York unless otherwise mutually agreed upon by the parties.

(Ex. B at 3.)

9.  An arbitrable dispute between the parties arose when, on March 28, 2017, Generex rejected an investment from an investor AEXG presented and instead agreed to enter into a financing agreement with another investor not referred by AEXG. In response, on November 27, 2017, AEXG formally demanded that the parties submit their dispute to arbitration before the AAA. The dispute was referred to the AAA's international division, the International Centre for Dispute Resolution.

10. To resolve the dispute, the parties chose Arbitrator David F. Kolb. Prior to conducting a hearing, the Arbitrator accepted pre-hearing submissions from both parties. The Arbitrator then heard arguments of the parties and took testimony of certain fact witnesses at a hearing held on September 24, 2018, in New York, New York. Each party submitted a post-hearing brief summarizing the relevant facts and law on October 19, 2018. On December 3, 2018, the Arbitrator issued the Arbitration Award.

11. The Arbitrator determined that it was "clear that Respondent [Generex] breached the agreement," (Ex. A at 2), and that the liquidated damages provision of the Contract "makes evident good sense given the difficulty of estimating damages." (*Id.* at 3.) The Arbitrator therefore awarded AEXG "$210,000 in liquidated damages and the economic value today of

84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018." (*Id.*)  This amounts to $3,300,360.00, per the below calculation:

- In October 2018, Generex made a series of press releases announcing a 20 for 1 common stock dividend.  A compendium of these announcements is attached hereto as Exhibit C.[1]  Under the announced terms, Generex paid 20 shares of common stock for every share of common stock owned as of the close of business on November 20, 2018.  Generex's Form 8-K confirming the dividend payment is attached hereto as Exhibit D.  Thus, the owner of a single share of Generex common stock on November 20, 2018, would own 21 shares post dividend.

- The Arbitrator awarded AEXG "the economic value today of 84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018." (Ex. A at 3.)  On September 24, 2018, the warrants were convertible to 84,000 shares.  Exercising this right would have cost AEXG $210,000 (84,000 shares x $2.50).

- Per the Arbitration Award, because AEXG would have held 84,000 shares of Generex as of September 24, 2018, AEXG would have participated in the dividend.  According to the dividend, AEXG's 84,000 shares would have been proportionally adjusted to 1,764,000 shares (84,000 x 21).  (*See* Ex. C.)

- "[T]he economic value today" means that the Arbitrator valued AEXG's shares in Generex as of December 3, 2018, the date of the Arbitration Award.  The closing value of Generex's shares (GNBT) on December 3, 2018, was $1.99.  Attached hereto as Exhibit E is a screenshot of Bigcharts.com, representing Generex's stock price as of December 3, 2018 (also available at http://bigcharts.marketwatch.com/historical/default.asp?symb=gnbt&closeDate=12%2F03%2F18&x=0&y=0).[2]

12. Thus, "the economic value today of 84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018," is determined using the following calculation: 1,764,000 (number of shares) x $1.99 (closing price of GNBT on

---

[1] Generex's press releases are publicly available at https://www.generex.com/investor.

[2] This Court may take judicial notice of publicly available securities prices. *See, e.g.*, *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 37 n.1 (2d Cir. 2012) ("We are entitled to take judicial notice of well publicized stock prices without converting the motion to dismiss into one for summary judgment."); *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) ("The New York Stock Exchange data mentioned in the opinion below were not attached to the Complaint as an exhibit or incorporated by reference into the Complaint. Nonetheless, the district court may take judicial notice of well-publicized stock prices without converting the motion to dismiss into a motion for summary judgment.").

December 3, 2018) - $210,000 (the price AEXG would have paid on September 24, 2018), for a total of $3,300,360.

13. The Arbitrator also concluded that AEXG was "the prevailing party entitled to legal fees in the amount of $93,304.06, plus costs of $12,392.50," and directed Generex to reimburse AEXG $3,312.50 for fees and expenses associated with the arbitration.  (Ex. A at 3.)

14. Finally, the Arbitrator awarded AEXG "accrued simple interest running at 9% from March 28, 2017." (*Id.*)  The total amount of pre-judgment interest on the $210,000 liquidated damages, running from March 28, 2017 to December 3, 2018, is valued at $31,844.70. Post-judgment interest is accruing daily at $900.30 based on 9% simple interest running from the date of the Arbitration Award.

15. In total, the Arbitrator awarded AEXG $3,651,213.76 and per diem interest of $900.30.

## DEMAND FOR RELIEF

WHEREFORE, AEXG respectfully requests that this Court:

1. enter an order confirming the Arbitrator's December 3, 2018 Arbitration Award;

2. enter judgment against Generex in the total amount of $3,651,213.76;

3. award AEXG post-judgment interest; and

4. award AEXG reasonable costs and attorneys' fees.

Dated: December 11, 2018

                                        Respectfully submitted,

                                        AKIN GUMP STRAUSS HAUER & FELD LLP

                                        /s/ David M. Zensky
                                        David M. Zensky
                                        Jacqueline Yecies
                                        David C. Bethea
                                        One Bryant Park
                                        New York, NY 10036
                                        (212) 872-1000
                                        (212) 872-1002 (fax)
                                        dzensky@akingump.com
                                        jyecies@akingump.com
                                        dbethea@akingump.com

                                        *Attorneys for Petitioner*