# Exhibit A

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**International Arbitration Tribunal**

**IN THE MATTER OF THE ARBITRATION BETWEEN**

**THREE BROTHERS TRADING LLC**

**V.**

**GENEREX BIOTECHNOLOGY CORP**

**CASE # 0-17-0007-1894**

**AWARD OF ARBITRATOR**

I, THE UNDERSIGNED, was designated as Arbitrator in accordance with an agreement to arbitrate dated February 8, 2017, between Three Brothers Trading, LLC and Generex Biotechnology Corp and was duly sworn. A hearing was held on September 24, 2018, and after review and consideration of the testimony and the Parties' written submissions, the following is my Award. Because of the way in which the matter has proceeded, a short explanation of the Award is provided.

The issues posed by the claims herein center on an Agreement entered into between the Parties in March of 2017 and the efforts of both Parties to address the need for financing for Generex Biotechnology Corp ("Respondent"). Pursuant to the Agreement, Three Brothers Trading, LLC ("Claimant") undertook to find necessary financing for the Respondent, relying on an express "No Shop" provision that afforded it an exclusive right to seek the necessary financing for an agreed period of sixty days. Claimant has shown that it used its best efforts to perform under the agreement, and identified a firm, Kodiak, capable of providing the needed financing, but was undercut in its efforts by Respondent's Chief Operating Officer ("COO") who—during the sixty day period—separately shopped for the financing and arranged for it to come from another party, Pharma Trials, LLC ("Pharma"). The first tranche of that funding, $3 million, was provided to Respondent during the period of exclusivity on March 28, 2017.

Without denying that the COO did contact and bring in Pharma as the source of financing, Respondent contends that the COO could do so without violating the exclusivity provision favoring Claimant because, although not a shareholder, the COO would be entitled to receive shares and thus qualified for a shareholder exemption from the exclusivity provision. Claimant maintains that the COO did not qualify for the exemption because it only exempted actual shareholders and because he did not personally make the investment. Respondent contends further that, notwithstanding Claimant's efforts to bring Kodiak to Respondent, the Kodiak proposal could never have been acceptable because it called for the registration of Respondent's shares, which would have resulted in it losing the benefit of its Tax Loss Carryforward. This is Respondent's assertion even though its Executive Vice-President and General Counsel signed on its behalf a Term Sheet with Kodiak, which expressly provided for the registration of shares.

As I stressed to the Parties during the Hearing, I believe that I should decide this matter based on the plain and unambiguous wording of the Parties' agreement, not independent assertions as to the purported meaning of the agreement or Respondent's assertions it had good reasons for doing what it did.

The agreement plainly allowed Claimant protection against Respondent or its representatives shopping for financing during the period of exclusivity and Respondent and its COO did in fact shop for financing and actually obtained it from Pharma during that period. It is, therefore, clear that Respondent breached the agreement. Arguments that it might have been different had Respondent's shopping of the financing come after the sixty day period are to no avail. Although the principal witness for Respondent testified as to the intent to provide the COO with stock, that did not mean that COO was in fact a stockholder entitled to the exemption, only that he had the

2

prospect of becoming a shareholder. And, in any event, Pharma, not the COO, made the investment.

The contract unambiguously provides for a liquidated damages provision in the event of a breach. That provision makes evident good sense given the difficulty of estimating damages. It does not provide for a disproportionate payment and is certainly not a penalty.

As a result, I award Claimant $210,000 in liquidated damages and the economic value today of 84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018, plus accrued simple interest running at 9% from March 28, 2017. The number of warrants is calculated pursuant to the Parties' agreement, which provides for warrants for a total of 7% of the shares purchased by the Referred Party.

I find that claimant is the prevailing party entitled to legal fees in the amount of $93,304.06, plus costs of $12,392.50. Claimant has shown that it made appropriate efforts to keep its attorney's fees reasonable.

The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling US$6,625.00 shall be borne equally by the parties, and the compensation and expenses of the arbitrator totaling US$7,600.000 shall be borne equally by the parties. Therefore, Respondent, shall reimburse Claimant the sum of US $3,312.50, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims submitted.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York, New York, United States of America.

_December 5, 2018_         _[signature]_
Date                                  Daniel F. Kolb

State of NEW YORK          )
                           )  SS:
County of NEW YORK         )

I, Daniel F. Kolb, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Final Award.

_December 3, 2018_ _____
Date                    Daniel F. Kolb, Arbitrator

State of NEW YORK          )
                           )  SS:
County of NEW YORK         )

On this 3rd day of December, 2018, before me personally came and appeared Daniel F. Kolb, to me known and known to me to be the individual described in and who executed the foregoing instrument and he acknowledged to me that he executed the same.

_____
Notary Public

MARIA T. CRUSCO
NOTARY PUBLIC, State of New York
No. 01CR6177460
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Nov. 13, 20__

5