# Exhibit B

Alternative Execution Group
708 3rd Avenue, 6th floor
New York, New York 10017
P: 212 209 3911
F: 212 209 7152

Alternative
EXecution
Group

This Memorandum of Understanding ("MOU") defines the agreement between Generex Biotechnology Corporation ("the Company") and Three Brothers Trading, LLC d/b/a Alternative Execution Group ("AEXG").

Referred Party.    A Referred Party is defined as an Entity or Natural Person introduced to the Company by AEXG for the purposes of investing in, and/or loaning funds to, the Company. Referred Party(s) are identified in Exhibit "A." Exhibit A may be amended upon written agreement by AEXG and the Company.

Compensation.    In consideration for Services to be provided by the AEXG, the Company hereby agrees to compensate AEXG as follows:

(i)     Upon receipt of funds from a Referred Party, the Company will pay AEXG 7% (Seven Percent) of the funds received.

(ii)     In addition to compensation pursuant to section (i), above, the Company will issue to AEXG, or to representatives or agents of AEXG as instructed by AEXG, warrants equivalent to any warrants sold or issued to a Referred Party. These warrants will have the same substantive terms and conditions, including duration, exercise price, price adjustment provisions, and the like as any warrants issued to the Referred Party. AEXG will pay the Company $100 for these warrants which shall be issued in an amount equivalent to 7% of those issued to the Referred Party. If no warrants are issued to the Referred Party in a transaction triggering compensation pursuant to this document, the Company shall issue to AEXG, or to representatives or agents of AEXG as instructed by AEXG, warrants exercisable at the price paid by the Referred Party for Company shares, equivalent in number to 7% of the number of shares purchased by the Referred Party. These warrants shall have a 5-year duration. AEXG, AEXG's representatives, or agents will have piggyback registration rights with respect to the warrants which will be exercisable for cash only.

<u>No Shop.</u>

AEXG has agreed to waive a retainer.  In consideration for this waiver the company agrees to a "No Shop" provision for a period of the shorter of (a) 60 days from the date of this MOU, and (b) the date upon which the Company first receives funds from a Referred Party.  No Shop means the advisory relationship with AEXG will be considered exclusive during the aforesaid period.  The Company agrees that during the aforesaid period neither it, nor its representatives, will directly or indirectly discuss, negotiate, consider, or enter into any financing transaction other than with existing shareholders.

Should an investor other than a Referred Party make an investment during the exclusive period, with the exception of any existing shareholders, AEXG will be compensated according to the compensation provisions detailed above.

Terms of Compensation are immediately binding.  Any and all fees will be paid immediately upon becoming due.

## Indemnification

AEXG is, and shall be, an independent contractor and is not, and shall not, be deemed or construed to be an employee of the Company by virtue of this Agreement.  AEXG's shareholders, principals and employees shall not, be deemed or construed to be employees of the Company by virtue of this Agreement.  Neither AEXG, nor the Company shall hold AEXG, its shareholders, principals, or employees out as an agent, partner, officer, director, or employee of the Company in connection with this Agreement or in connection with any of the duties, obligations or performances contemplated hereby.  AEXG disclaims any and all rights to an equity interest in, or a partnership with, the Company by virtue of this Agreement or any of the transactions contemplated hereby, except as specifically provided herein. AEXG specifically acknowledges and agrees that it shall have no authority to execute any contracts or agreements on behalf of the Company or any other person that, directly or indirectly, is controlled by or is under common control of the Company (an "Affiliate") and it shall have no authority to bind the Company or its Affiliates to any obligation (contractual or otherwise).  For purposes of this Agreement the term "control" shall mean the possession, direct or indirect, of the power to direct or cause the direction of the management whether through the ownership of voting interests, by contract or otherwise.

To the extent that AEXG shareholders, principals, or employees become involved in any capacity in any action, proceeding, or investigation in connection with any matter resulting from this

Page 2

Agreement that is not determined by a court or body of appropriate jurisdiction to result from, or relating to, the indemnified party's recklessness, negligence, bad faith or intentional wrongful acts, the Company will reimburse AEXG for legal and other expenses as such expenses are incurred in connection therewith. Similarly, the Company will indemnify and hold AEXG and its shareholders, principals, or employees harmless against losses, claims, damages or liabilities to which AEXG or its shareholders, principals, or employees may become subject in connection with any such. The provisions of this Section shall survive any termination or expiration of this Agreement.

### Governing Law

The laws of the State of New York shall govern this Agreement. Any controversy or claim arising out of, or relating to, this Agreement, to the making, performance, or interpretation of it, shall be settled by arbitration in New York, New York unless otherwise mutually agreed upon by the parties,

Under the commercial arbitration rules of the American Arbitration Association, any judgment on the arbitration award may be entered in any court having jurisdiction over the subject matter of the controversy. If any legal action or any arbitration or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled. The Governing Law provisions shall survive any termination of this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as February 8, 2017.

By: _____                    By: _____

Richard Alter                                                    Mark Fletcher
Chief Executive Officer                                    Exec VP & General Counsel
Alternative Execution Group                           Generex Biotechnology Corp.

Generex Biotechnology Corp.– **Alternative Execution Group**
**Memorandum of Understanding**

**Exhibit A**

Referred Party List:
Kodiak Capital Group, LLC