UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

THREE BROTHERS TRADING LLC d/b/a
ALTERNATIVE EXECUTION GROUP,

                      Petitioner,

v.

GENEREX BIOTECHNOLOGY CORP.,

                      Respondent.

Civil No.: 18 CV 11585 (KPF)

---

## RESPONDENT GENEREX BIOTECHNOLOGY CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITION TO CONFIRM ARBITRATION AWARD

Respondent Generex Biotechnology Corporation ("Generex" or "Respondent") by its attorneys Eckert Seamans Cherin & Mellott, LLC as and for its Answer to Three Brothers Trading LLC d/b/a Alternative Execution Group's ("Petitioner") Petition To Confirm Arbitration Award ("Petition") herein states as follows:

1. The Respondent admits the allegations contained in Paragraph 1 of the Petition.

2. Respondent denies having knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Petition.

3. The Respondent admits the allegations contained in Paragraph 3 of the Petition.

4. The Respondent admits the allegations contained in Paragraph 4 of the Petition

5. The allegations of Paragraph 5 are conclusions of law which require no answer. In the alternative and to the extent that an answer is required, Respondent denies the allegations contained in Paragraph 5 of the Petition.

6. The Respondent admits the allegations contained in Paragraph 6 of the Petition.

7. The allegations of Paragraph 7 refer to a written document and requires no answer. The Respondent neither admits nor denies the allegations contained in Paragraph 7 of the Petition and refers the Court to the written agreement between the parties ("Agreement").

8. The Respondent admits the allegations contained in Paragraph 8 of the Petition.

9. The Respondent admits the allegations contained in Paragraph 9 of the Petition.

10. Respondent denies the allegations contained in Paragraph 10 of the Petition to the extent that there were additional submissions after 10/19/18 to the arbitrator.

11. Respondent denies each and every allegation contained in Paragraph 11 of the Petition.

12. Respondent denies each and every allegation contained in Paragraph 12 of the Petition.

13. Respondent denies each and every allegation contained in Paragraph 13 of the Petition.

14. Respondent denies each and every allegation contained in Paragraph 14 of the Petition.

15. Respondent denies each and every allegation contained in Paragraph 15 of the Petition.

## FIRST AFFIRMATIVE DEFENSE

Petitioner, in requesting a judgment in the amount of the alleged value of the Generex stock after the split ($3,651,213.76), rather than the value of the warrants as awarded by the arbitrator, is seeking a judgment far in excess of the Award of the arbitrator (Ex. A to the Petition), and not authorized by the arbitrator or by the Agreement between the parties ( Ex. B to the Petition).

## SECOND AFFIRMATIVE DEFENSE

Petitioner is not entitled to the value of the stock either under the Agreement of the parties (Ex. B to the Petition) or under the Award of the arbitrator (Ex. A to the Petition). Petitioner is seeking a windfall to which it is not entitled under either the Agreement or the Award.

## THIRD AFFIRMATIVE DEFENSE

The arbitrator's Award ( Ex. A to the Petition) is vague and ambiguous in that the arbitrator did not determine or specify a value of the warrants for Respondent's stock, nor did it define what was meant by "today" when the arbitrator awarded the "economic value today" of 84,000 of Respondent's warrants, which would have been of no value as of the date of the Award.[1] The Court should modify, correct or interpret the Award to determine the value or lack of value of the warrants.

## FOURTH AFFIRMATIVE DEFENSE

The economic value of the warrants is zero. The warrants were exercisable at $2.50 per share. The price of Generex stock on September 24, 2018 was $1.86. The price of Generex stock on December 3, 2018 was $1.99 per share.[2] Exhibit A.

## FIFTH AFFIRMATIVE DEFENSE

A judgment in the amount of $3,651,213.76 as requested by Petitioner would amount to an improper and unauthorized penalty in that the arbitrator awarded a specific amount of liquidated damages and the value of 84,000 warrants only, and an award of the value of Respondents stock after the split or dividend would be excessive, unauthorized by the Award and without evidentiary foundation.

---

[1] Warrants only have value if the market price of the underlying shares rises above the exercise price of the warrants.
[2] See footnote No. 1.

## SIXTH AFFIRMATIVE DEFENSE

There was no evidence of record provided by Petitioner that the attorney's fees claimed by counsel for Petitioner and awarded by the arbitrator were or are fair and reasonable and the award of attorneys' fees should be vacated.

## SEVENTH AFFIRMATIVE DEFENSE

The amount of interest awarded by the arbitrator is excessive.

## EIGHTH AFFIRMATIVE DEFENSE

The arbitrator made a material mistake in the Award by not determining the value of the warrants as part of the Award.

## NINTH AFFIRMATIVE DEFENSE

The amount requested by the Petitioner is speculative and without foundation with regard to when Petitioner would have exercised its right had Petitioner held the warrants, the value of the warrants, and the value of the stock on the date of exercise.

## TENTH AFFIRMATIVE DEFENSE

Neither the Agreement between the parties nor the Award of the arbitrator made any provision or mention of adjusting the value of warrants in the event of stock splits or dividends, therefore, there is no basis or authority under the Agreement or the Award for adjusting the number or value of the warrants for the Respondent's stock split or dividend.

Wherefore it is respectfully requested that the relief sought by the Petitioner be denied as follows:

1. That the Court deny the request of the Petitioner for a judgment in the amount of $3,651,213.76.

2.    That the Court vacate the Award of the arbitrator or, in the alternative, modify or interpret the Award to provide that Petitioner is entitled only to the value, if any, of the warrants, and the date on which the warrants should be valued.

3.    That the Court make a determination that the value of the warrants is zero.

4.    That the Court find that Petitioner is not entitled to the alleged value and number of shares of Respondent's stock after the split or dividend.

5.    In the alternative, Respondent requests that the Court remand this case to the arbitrator with specific instructions to hold additional proceedings to determine the foregoing issues.

Dated: White Plains, New York
       January 7, 2019

                              Respectfully submitted,

                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: *Thomas M. Smith*
Thomas M. Smith, Esq.
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 286-2807
*tsmith@eckertseamans.com*
*Attorneys for Respondent*
*Generex Biotechnology Corporation*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                                   ss.:
COUNTY OF WESTCHESTER )

  LAVERNE MICHAEL-DEAN being duly sworn, deposes and says that deponent is not a party to the action herein; is over the age of 18 years; and resides at Bronx, New York.

  On the 7th day of January, 2019, deponent electronically served and mailed the within **RESPONDENT GENEREX BIOTECHNOLOGY CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITION TO CONFIRM ARBITRATION AWARD** upon:

> David M. Zensky, Esq.
> Jacqueline Yecies, Esq.
> David C. Bethea, Esq.
> Akin Gump Strauss Hauer & Feld LLP
> One Bryant Park
> New York, NY 10036
> *Attorneys for Petitioner*

the address designated by said attorneys for that purpose, for that purpose by mailing a copy of each of the following persons named above at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein.

                _____
                LAVERNE MICHAEL-DEAN

Sworn to before me this
7th day of January, 2019.

_____
Notary Public

> Thomas M. Smith
> NOTARY PUBLIC, State of New York
> No. 02SM6057422
> Qualified in New York County
> Commission Expires: April 16, 2019