UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP,<br><br>Petitioner,<br><br>v.<br><br>GENEREX BIOTECHNOLOGY CORP.<br><br>Respondent. | Civil Action No. 18-cv-11585 (KPF) |

**SUPPLEMENTAL AND AMENDED PETITION TO CONFIRM, IN PART, AND VACATE, IN PART, ARBITRATION AWARD,**

Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group ("AEXG"), by its undersigned counsel, Akin Gump Strauss Hauer & Feld LLP, respectfully petitions this Court to confirm, in part, and vacate, in part, an arbitration award as follows:

**NATURE OF THE ACTION**

1. This proceeding is brought by AEXG pursuant to Sections 9 and 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 10, for relief respecting the arbitration award (the "Arbitration Award") rendered against Respondent Generex Biotechnology Corp. ("Generex") on December 3, 2018, and as clarified on August 28, 2019 (the "Award Clarification"), in response to the Court's Opinion and Order, in the arbitration *Three Brothers Trading, LLC v. Generex Biotechnology Corp*, Case No. 01-17-0007-1894, administered by David F. Kolb (the "Arbitrator") in the International Centre for Dispute Resolution of the American Arbitration Association ("AAA"). A copy of the Arbitration Award is attached hereto as Exhibit A, and a copy of the Award Clarification is attached hereto as Exhibit B.

1

## THE PARTIES

2. Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group, is a limited liability company under the laws of New York, the members of which—Richard Alter and Caroline Alter—are residents of Mamaroneck, New York. AEXG's principal place of business is located at 708 Third Avenue, New York, New York 10017.

3. Respondent Generex Biotechnology Corp. is a Delaware entity, with its principal place of business located at 4145 North Service Road, Burlington, Ontario L7L 6A3 and 10102 USA Today Way, Miramar, Florida 33025.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(1) because Petitioner and Respondent are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper and personal jurisdiction exists because Respondent agreed to arbitrate in New York, New York, and the Arbitration Award was made in this District. *See Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) ("A party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction.").

## RELEVANT FACTS AND PROCEEDINGS

6. In February 2017, AEXG and Generex entered into a written Memorandum of Understanding (the "Contract"), attached hereto as Exhibit C, agreeing that AEXG would provide referral services to Generex, which wished to secure financing for its business.

7. In lieu of Generex providing a retainer fee to AEXG, Generex agreed to a sixty-day "No Shop" exclusivity provision, which provided that AEXG had the exclusive right to

secure financing for Generex during the exclusivity period, which ran from February 8, 2017 to April 9, 2017. (*See* Ex. C at 2.) The Contract included explicit remedies for breach of the exclusivity provision: in the event that Generex secured any financing from an investor not referred by AEXG during the exclusivity period, Generex was to compensate AEXG as if AEXG had sourced the financing. (*Id.*)

8. Because the Contract provided that Generex was to compensate AEXG as if AEXG had sourced the financing, the Contract specifically allowed for three different types of remedies if Generex were to breach:

> (i) "7% (Seven Percent) of the funds received";
>
> (ii) "warrants exercisable at the price paid by the Referred Party for [Generex] shares, equivalent in number to 7% of the number of shares purchased by the Referred Party"; and
>
> (iii) "reasonable attorney's fees and other costs"

(*Id.* at 2–3.)

9. The parties agreed to arbitrate any disputes concerning the Contract. Specifically, the Contract provides:

> Any controversy or claim arising out of, or relating to, this Agreement, to the making, performance, or interpretation of it, shall be settled by arbitration in New York, New York unless otherwise mutually agreed upon by the parties.

(*Id.* at 3.)

10. The Contract does not dictate a time within which an arbitration award must be made.

11. The Contract also provides that "any judgment on the arbitration award may be entered in any court having jurisdiction over the subject matter of the controversy." (*Id.*)

12. An arbitrable dispute between the parties arose when, on March 28, 2017, Generex rejected an investment from an investor AEXG presented and instead agreed to enter

into a financing agreement with another investor not referred by AEXG. In response, on November 27, 2017, AEXG formally demanded that the parties submit their dispute to arbitration before the AAA. The dispute was referred to the AAA's international division, the International Centre for Dispute Resolution.

13. To resolve the dispute, the parties chose Arbitrator David F. Kolb. In Petitioner's statement filed with its demand to arbitrate, attached hereto as Exhibit D, Petitioner sought relief in the form of, among other things, "84,000 warrants convertible to Generex common stock, exercisable at $2.50 per share." (Ex. D at 13, 17.)

14. Prior to conducting a hearing, the Arbitrator accepted pre-hearing submissions from both parties. In its pre-hearing submission to the Arbitrator, attached hereto as Exhibit E, the Petitioner reiterated that it demanded, pursuant to the terms of the Agreement, "84,000 warrants convertible to Generex common stock, exercisable at $2.50 per share." (Ex. E at 3, 9.)

15. The Arbitrator then heard arguments of the parties and took testimony of certain fact witnesses at a hearing held on September 24, 2018, in New York, New York (the "Hearing"). Each party submitted a post-hearing brief summarizing the relevant facts and law on October 19, 2018. In its post-hearing submission, attached as Exhibit F, Petitioner again told the Arbitrator that it was seeking, among other things, relief in the form of warrants:

> Under the warrant provision of the compensation clause AEXG is entitled to 84,000 warrants with a $2.50 exercise price. These warrants should have a 5-year duration, cashless exercise provisions, and piggyback registration rights.

(Ex. F at 5.)

16. Just a few weeks after the Hearing, on October 10, 2018, Generex announced that its board had approved the issuance of twenty shares of common stock for every one share of issued and outstanding common stock (the "Stock Dividend"). Included in that announcement

4

was a short description of how the Stock Dividend would affect those who held options, warrants, and convertible securities in Generex:

> All options, warrants, and convertible securities of the Company that are outstanding on the record date and entitle the holders thereof to exercise or convert for shares of the Company's common stock will be proportionally adjusted to reflect the dividend.

17. Had Generex complied with the Contract, AEXG would have been the holder of 84,000 warrants with a $2.50 exercise price as of the Stock Dividend's record date.

18. On November 2, 2018, AEXG submitted to the Arbitrator via email a letter detailing the terms of the Stock Dividend. This letter attached two of Generex's press releases, including an October 22, 2018 press release in which Generex again explained that, "[a]ll options, warrants, and convertible securities of the Company outstanding on the record date will be proportionally adjusted to reflect the dividend." In the letter, AEXG requested that any arbitration award consider this Stock Dividend, otherwise AEXG would not be placed in the position it would have been had the breach not occurred, as contracted for by the parties.

19. Both parties sent the Arbitrator several other submissions related to the Stock Dividend.

20. Neither party requested that the Arbitrator take additional testimony regarding the Stock Dividend, and the Arbitrator did not indicate that he needed additional information to account for the Stock Dividend.

21. On December 3, 2018, the Arbitrator issued the Arbitration Award.

22. The Arbitrator determined that it was "clear that Respondent [Generex] breached the agreement," (Ex. A at 2), and that the liquidated damages provision of the Contract "makes evident good sense given the difficulty of estimating damages." (*Id*. at 3.) The Arbitrator therefore awarded AEXG "$210,000 in liquidated damages and the economic value today of

84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018." (*Id.*)

23. Even though the Arbitrator chose to award the economic value of the warrants rather than the warrants themselves, he did not assign a dollar amount to the value of the warrants. (*See* Ex. B.)

24. In the Arbitration Award, the Arbitrator also concluded that AEXG was "the prevailing party entitled to legal fees in the amount of $93,304.06, plus costs of $12,392.50" and directed Generex to reimburse AEXG $3,312.50 for fees and expenses associated with the arbitration. (Ex. A at 3.)

25. Finally, the Arbitrator awarded AEXG "accrued simple interest running at 9% from March 28, 2017." (*Id.*) The total amount of pre-award interest on the $210,000 liquidated damages, running from March 28, 2017 to December 3, 2018, is valued at $31,844.70. Post-award interest on the entire amount awarded is accruing daily at $86.51 based on 9% simple interest running from the date of the Arbitration Award. As of October 15, 2019, AEXG is entitled to $27,337.16 in post-award interest.

26. On December 11, 2018, AEXG filed with the Court a petition to confirm the Award (ECF No. 1). On January 2, 2019, the Court issued a scheduling order, ordering the parties to file summary judgment briefing to address the reasons confirmation of the Arbitration Award was or was not warranted (ECF No. 12). On January 7, 2019, Respondent filed its cross-petition to vacate, modify, or remand the Award (ECF No. 15).

27. Pursuant to the Court's scheduling order, the parties submitted briefing to address their respective arguments as to why confirmation of the Award was or was not appropriate. On

July 31, 2019, the Court issued its Opinion and Order, directing the parties to submit the same to the Arbitrator to clarify his intent in awarding the economic value of the warrants (ECF No. 29).

28. In response to the Court's Order and Opinion, the Arbitrator issued the Award Clarification, in which the Arbitrator clarified that, when granting Petitioner "the economic value as of December 3, 2018 of 84,000 Warrants convertible to Generex stock exercisable at $2.50 per share as of September 24, 2018," he did not intend to ascribe a specific value to this aspect of the award. (*See* Ex. B. at 2) Specifically, the Arbitrator stated that he "entered no findings as to the value of the warrants as of the December 3 date." (*Id.*)

29. In the Award Clarification, the Arbitrator further stated: "Because I in fact reached no conclusions as to those matters due to lack of evidence, I intended no more than that Claimant be paid the economic value of the warrants with the determination of value to be made, if at all, on a more complete record than I had." (*Id.*) Thus, this aspect of the award is not final and definite.

30. In total, when reading both the Award and the Award Clarification, the Arbitrator awarded AEXG $350,853.76, per diem interest of $86.51, and "the economic value as of December 3, 2018 of 84,000 warrants convertible to Generex stock exercisable at $2.50 per share as of September 24, 2018," which the Arbitrator did not calculate.

## COUNT 1
### Confirmation in Part of Arbitration Award Pursuant to 9 U.S.C. § 9

31. Petitioner repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. 9 U.S.C. § 9 provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to

the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

33. The parties' Contract contemplates that a court with jurisdiction may enter a judgment on the arbitration award.

34. Petitioner is seeking confirmation of the final and definite aspects of the remedies stated in the Arbitration Award—$210,000 in liquidated damages, attorney's fees and costs, and interest, the combined total of which is $350,853.76—within one year after the Arbitration Award was issued.

35. The final and definite relief is severable from the issue of the value of the warrants, and there is no reason to defer or delay confirmation of those aspects of the Arbitration Award. Nor is there any reason that those aspects of the Arbitration Award should be vacated, modified, or corrected.

## COUNT 2
**Vacatur in Part of Arbitration Award Pursuant to 9 U.S.C. § 10**

36. Petitioner repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

37. 9 U.S.C. § 10(a) provides, in pertinent part:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> * * *
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

8

38. 9 U.S.C. § 10(b) states:

> If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators

39. The Contract provided that if Generex breached the Contract, AEXG was entitled to, among other things, "warrants exercisable at the price paid by the Referred Party for [Generex] shares, equivalent in number to 7% of the number of shares purchased by the Referred Party."

40. The Arbitrator directed that AEXG be paid "the economic value today of 84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018," yet did not calculate the dollar amount of this remedy.

41. Therefore, this aspect of the award is not "final" and "definite" and thus cannot be confirmed.

42. Because the Contract does not dictate a time within which an award must be made, the Court may, after vacating the aspect of the Arbitration Award that awards the economic value of 84,000 warrants, direct a rehearing by the Arbitrator to determine the dollar amount of this award.

## DEMAND FOR RELIEF

WHEREFORE, AEXG respectfully requests that this Court:

1. enter an order confirming the Arbitrator's December 3, 2018 Arbitration Award as it relates to the award of $210,000 in liquidated damages, attorney's fees and costs, and interest in the total amount of $350,853.76;

2. enter an order vacating that portion of the Arbitration Award that is not final and definite: the award of "the economic value today of 84,000 warrants convertible

9

to Respondent's stock exercisable at $2.50 per share as of September 24, 2018," and remanding the matter to the Arbitrator to determine the appropriate damages to award in respect to that portion of the Contract (or alternatively, to award the warrants themselves);

3. award AEXG post-judgment interest;

4. pursuant to Rule 54(b), enter a final judgment as to the final and definite aspects of the Arbitration Award in the total amount of $350,853.76, plus post-judgment interest, while reserving jurisdiction over the relief sought in item two above; and

5. award AEXG reasonable costs and attorneys' fees.

Dated: October 22, 2019

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

*David M. Zensky*
David M. Zensky
Jacqueline Yecies
David C. Bethea
One Bryant Park
New York, NY 10036
(212) 872-1000
(212) 872-1002 (fax)
dzensky@akingump.com
jyecies@akingump.com
dbethea@akingump.com

*Attorneys for Petitioner*