

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL: 914 949 2909
FAX: 914 949 5424

Timothy P. Coon
Telephone: 914-286-6438
tpcoon@eckertseamans.com

August 26, 2020

**VIA ECF**

Hon. Katherine Polk Failla, USDJ
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Three Brothers Trading, LLC v. Generex Biotechnology Corp.*
              Case No.: 1:18-cv-11585 (KPF)

Dear Judge Failla:

We are the attorneys for defendant/respondent Generex in the above matter. I am submitting this letter in compliance with the Court's memo Order of August 24, 2020, responding to the letter of Mr. Watkins dated August 21, 2020 (ECF 88). In that letter, Mr. Watkins, with regard to other pending Delaware litigation, states that plaintiff's counsel in that litigation, who represents Discover Growth Fund LLC which is adverse to Generex both in a federal court action and in a Delaware Chancery Court proceeding, wrote to the United States District Court Judge, the Hon. Richard G. Andrews, alleging that the "defendants" acknowledged that Generex was likely insolvent and there was little chance of any recovery on the judgment (the "Viceconte letter," attached as Exhibit A to the Watkins letter). In the Court's memo Order, Generex defense counsel in the above-captioned action was directed to respond to the allegation that "counsel" for Generex made the above-referenced statement (the "statement"). I do not represent Generex in either of the Delaware actions.

It is respectfully submitted that the Court may have misinterpreted the language contained in the Viceconte letter. The Viceconte letter references numerous other statements attributed to defendants' counsel in the Delaware actions throughout. However, the letter states that the defendants, not counsel, stated that Generex was likely insolvent. A fair reading of the letter makes clear that the statement was not made by, nor attributed to, counsel. After receipt of Mr. Watkins's letter wherein he strongly infers that Eckert Seamans, as counsel, was aware of the statement, I inquired of the Eckert Seamans attorneys who had worked on the Delaware matter if they had any knowledge of the statement. No attorney at Eckert Seamans that I am aware of had knowledge of



the statement at issue prior to my inquiry. This confirmed to me that it was not counsel who made the statement. I unequivocally state to the Court that I had no knowledge of any such statement at any time prior to the Watkins letter, and I am deeply concerned that this Court would interpret the letter to conclude that I would even consider misleading the Court.

As best I have been able to determine by reviewing the recently filed Delaware Chancery Court proceeding, the Viceconte letter is most likely referring to Exhibit R to the complaint in that matter. (There has been no appearance by Eckert Seamans or any other attorney for Generex in the Chancery Court proceeding.) Exhibit R is an email within an email string between Discover (plaintiff) and Generex (defendant) from their respective heads. (A copy of Exhibit R is attached hereto). These emails concern the demand that Generex issue shares to Discover and the responses to that demand. It is important to note that the email is dated July 31, 2020, and that no copy of the email was sent to any attorney with Eckert Seamans. In fact, the body of the email states that Generex' outside counsel is Robert Heim who has no affiliation with the Eckert Seamans firm. I am unaware of any attorney from Eckert Seamans having knowledge of the email at any time prior to the Watkins letter of August 21, 2020, and had no such knowledge myself.

Furthermore, once again the Court has received an incomplete recitation of facts in the submission from AEXG. AEXG fails to inform the Court that on August 7, 2020, Generex filed an 8-K with the SEC wherein it announced a private placement sale of its shares for $2 million dollars. This fact would contradict the narrative that Generex is likely insolvent. This was a matter of public filing which AEXG failed to bring to the Court's attention.[1]

The allegation contained in the Viceconte letter is at best double hearsay when presented to this Court. It is Mr. Watkins reporting to the Court what an attorney reported that was reported to him as being said by an adversary. The Viceconte letter is a submission by an adversary presenting that attorney's interpretation of the meaning of the words in the email with regard to a disputed matter in the heat of the moment. As such, it is the actual contents of the email, and the circumstances under which it was said, that should be considered by the Court.

Generex submits that a statement from July 31, 2020, must be viewed in the context of the events that followed, that is Generex raised $2 million in a private placement on August 4, 2020, which would mitigate against the likelihood of insolvency, and the Court should deny AEXG's renewed motion for reconsideration.

Should the Court have any questions, I would be happy to discuss on a conference call.

---

[1] A copy of the Form 8-K dated August 4, 2020, which was filed on August 7, 2020, may be found at https://www.sec.gov/Archives/edgar/data/1059784/000160706220000210/0001607062-20-000210-index.htm.

ECKERT
SEAMANS
ATTORNEYS AT LAW

Respectfully submitted,

*/s/ Timothy P. Coon*

Timothy P. Coon

cc (by electronic filing):
John F. Watkins, Esq.
Shaub, Ahmuty, Citrin & Spratt, LLP
77 Water Street
New York, NY 10005
jwatkins@sacslaw.com
212-599-8200