L1JATHRMps

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

THREE BROTHERS TRADING, LLC,

              Plaintiff,

         v.                             18-cv-11585 (KPF)

GENEREX BIOTECHNOLOGY CORP.,

              Defendant.                Motion
------------------------------x
                                        New York, N.Y.
                                        (via telephone)

                                        January 19, 2021
                                        11:05 a.m.

Before:

                  HON. KATHERINE POLK FAILLA

                                        District Judge


                         APPEARANCES

SHAUB, AHMUTY, CITRIN & SPRATT, LLP
     Attorneys for Plaintiff
BY:  JOHN F. WATKINS

ECKERT, SEAMANS, CHERIN & MELLOTT LLC
     Attorneys for Defendant
BY:  TIMOTHY P. COON


Also Present:  Anthony Crisci
               Chief Legal Officer
               Generex Biotechnology Corp.

               Timothy S. Coon, Esq.
               Eckert, Seamans, Cherin & Mellott LLC
```

1           (Case called)
2           THE CLERK:  Counsel, please state your name for the
3   record, beginning with plaintiff.
4           MR. WATKINS:  Jack Watkins for plaintiff Three
5   Brothers/AEXG.
6           THE COURT:  Good morning, Mr. Watkins.  Thank you.  Is
7   anyone assisting you today, sir?
8           MR. WATKINS:  No.  Just me.
9           THE COURT:  Thank you.
10           And representing defendants?
11           MR. TIMOTHY P. COON:  This is Timothy Coon, your
12   Honor, Timothy P. Coon, from Eckert Seamans, attorneys for
13   Generex.  And with me today is Timothy S. Coon, who is general
14   counsel to Eckert Seamans.  And I've asked him to attend, your
15   Honor, not as a legal representative of Generex but, rather, as
16   a representative of Eckert Seamans, the law firm, in the event
17   that the Court had any questions about the firm and what it has
18   undertaken.
19           Also, Anthony Crisci of Generex is on the phone
20   pursuant to the scheduling order after we filed the motion to
21   withdraw as counsel.
22           THE COURT:  Thank you.
23           Mr. Watkins, from my perspective, it didn't seem that
24   the plaintiffs had a horse in this particular race, "this race"
25   being the application of defense counsel to withdraw.  But if

1    you do, please let me know.
2            MR. WATKINS:  I do think that we do, your Honor.
3    However, I'm not sure that that's true.  I think I want to hear
4    what Generex and Eckert have to say.  Basically I think our
5    chief concern is the possibility of a delay.  And I haven't
6    heard any -- there's obviously no representation in the
7    application for withdrawal that Generex is going to have
8    substitute counsel.  Generex is obviously a corporate entity.
9    It can't appear pro se.  There's no such representation.
10   That's one concern we have.  We have -- we kind of reserve our
11   rights.  We might want to oppose on another basis.  But as of
12   right now, we're anticipating that there's going to be a
13   decision from the arbitrator between now and February 10th.
14   And I believe I'm not out of line saying that we think it will
15   be sooner rather than later within that timeline.  In fact,
16   attached to the application for leave to withdraw was an email
17   containing Mr. Coon's representation or analysis that they
18   anticipated a decision before the end of last year.  So did we.
19   So we really think that that decision will come down; there's
20   going to be motion practice following the receipt of that
21   decision; there's going to be a motion to confirm, probably a
22   countermotion to reject or remand for further proceedings.
23   Obviously I don't know how the arbitration is going to come out
24   so I don't know which party is making either motion.  But I
25   anticipate these motions will be made.

1         There is also an allusion in that email that it's
2 probable this will be going to the Second Circuit one way or
3 the other.  I agree with that analysis too.
4         So we do have a concern that if there's this
5 withdrawal, new counsel will come in and have to learn the
6 file.  And that could prejudice us because, as you know, we
7 have been consistently very concerned with the amount of time
8 that this is taking, and it is our desire to move things along
9 as rapidly as possible.
10         THE COURT:  Thank you.
11         Let me speak with Mr. Coon, Mr. Timothy P. Coon, in
12 the first instance, and, sir, you'll defer to the other
13 Mr. Coon if it is appropriate.
14         I have received your motion, your affirmation, and an
15 email that was attached as Exhibit A.  I want to make sure --
16 and Mr. Watkins' statements a moment ago just sort of further
17 clarified that for me -- I would like to know a few things
18 about the state of affairs.
19         Also, just apropos of nothing, sir, you've addressed
20 this motion to some other judge.  You've got my name wrong on a
21 whole bunch of different fronts.  I'm sure you didn't mean to.
22 But when you're done, you can look at the website as to what my
23 name is, and then you could look at the name of the person
24 you've got your notice of motion and your affirmation directed
25 to, and she's somebody else.

1           MR. TIMOTHY P. COON:  I apologize, your Honor.

2           THE COURT:  That's fine.  We'll put that to the side,
3    sir.  I just wanted you to know that in case there are future
4    things that you will be directing to me.

5           So, sir, there is, is there not, a notice of appeal
6    that was filed with respect to the entry of partial judgment?
7    Has that appeal been perfected?

8           MR. TIMOTHY P. COON:  No, it has not, your Honor, and
9    actually the parties have resolved that judgment.  And Generex
10   has been paying it pursuant to an agreed-upon schedule.  So
11   that notice of appeal was not perfected and we were told by the
12   Second Circuit that they were going to administratively dismiss
13   it because we didn't perfect it in light of the settlement.

14          THE COURT:  OK.  That's one thing I don't have to
15   worry about.  And therefore there is not an existing Second
16   Circuit appeal that requires representation.

17          MR. TIMOTHY P. COON:  No, there is not, your Honor.

18          THE COURT:  There is not.  What there is is basically
19   the parties in a holding pattern awaiting the arbitrator's
20   decision, which may come any moment now.

21          MR. TIMOTHY P. COON:  The arbitrator did close the
22   hearing just recently, your Honor, which, I think that's how
23   Mr. Watkins came up with his February 10th date, because once
24   they close the hearing, then there's the 30-day period for
25   which the award should be presented.

1          And if I may, your Honor, our firm has, with great
2     consideration, not presented this motion to the Court earlier,
3     with the hope that we would not do anything to delay.  We
4     certainly could have made this motion back in September before
5     the hearing.  We didn't.  We very carefully looked at the
6     proceedings.  We fully performed our duties as attorneys to
7     Generex by attending the hearing, attending to all the
8     post-hearing submissions.  And we didn't file this motion until
9     all of the submissions that the arbitrator requested had been
10    made.  We waited to make sure the arbitrator had no further
11    request and then we filed the motion in January, with the hope
12    that, with notice to Generex, that they would bring on
13    substitute counsel so that that substitute counsel could get up
14    to speed in order to address any issues that come up from the
15    award and any motions that come before the Court.  So we sat
16    down and tried to determine the most appropriate time to bring
17    this motion on so as to not adversely impact the client's
18    rights and not to cause any unnecessary delay.
19         THE COURT:  Was there a point, sir -- and if you are
20    uncomfortable answering this because of attorney-client
21    privilege you can let me know -- but was there a point where
22    you either agreed with Generex or you made clear to Generex
23    that you were moving to withdraw from the case and there was no
24    way that you were going to remain on?
25         MR. TIMOTHY P. COON:  I think that the email that we

1     attached, your Honor, made that very clear.

2             THE COURT:  Yes.  And that's December 3rd.

3             MR. TIMOTHY P. COON:  Right.

4             THE COURT:  To the best of your knowledge, sir, has
5     your client retained substitute counsel?

6             MR. TIMOTHY P. COON:  I have not received any notice.
7     I've made the request that they do so, but I haven't received
8     any notice from anyone that they have been retained, nor have I
9     heard from anyone at Generex that they are in the process of
10    retaining substitute counsel.

11            THE COURT:  May I speak with Mr. Crisci, sir, or would
12    you prefer that I not in this conference?

13            MR. TIMOTHY P. COON:  I think limited to that issue I
14    have no issue, your Honor.

15            THE COURT:  Thank you.

16            Mr. Crisci, are you able to hear me now, and have you
17    heard me during this conference?

18            MR. CRISCI:  Yes, I have, your Honor.  Good morning.
19    Thank you.

20            THE COURT:  Good morning, and thank you to you as
21    well, sir.

22            Mr. Crisci, I've received as part of the motion papers
23    in this case an email that is dated December 3rd of 2020.  It
24    looks to have been sent at about 6:16 p.m. from Mr. Timothy P.
25    Coon to you, to Mr. Moscato, and several others.  Did you in

1   fact receive that email, sir?

2           MR. CRISCI:  Yes, I have.

3           THE COURT:  And I don't want to know the specifics of
4   any of your communications with the Eckert Seamans firm on this
5   point, but is it fair to say that you understood from December
6   forward that they would be seeking to be relieved as your
7   counsel?

8           MR. CRISCI:  They did inform us, but I thought there
9   was a way out, which is payment.

10          THE COURT:  Well, OK.  Let me not discuss that issue
11  just yet with you, sir.  I'm going to ask a very different
12  question, which is, right now today, do you have counsel lined
13  up to replace the Eckert Seamans firm in this litigation?

14          MR. CRISCI:  No, your Honor.  We are currently
15  actively seeking new counsel.

16          THE COURT:  Ah.  You've answered my next question.  So
17  it is your contemplation, sir, that you will be retaining new
18  counsel to replace the Eckert Seamans firm.

19          MR. CRISCI:  Yes.  I did not want to have counsel that
20  does not want to represent us.  I don't think that that's in
21  the best interest of my company.

22          THE COURT:  Well, I won't comment on that point, sir.
23  Let me ask the question a little bit differently.  It is your
24  understanding that -- well, no.  I'm not going to ask that
25  question because I don't want to get into privileged

communications.  It is your expectation that someone is going to -- that Generex will retain a firm to represent them in this matter.

MR. CRISCI:  Correct, your Honor.

THE COURT:  Do you anticipate that happening in the month of January?

MR. CRISCI:  I would hope so.  I'll try my best.

THE COURT:  Fair enough.  OK.

Mr. Coon, Timothy P. Coon, is there any information that you want to give me to supplement the responses that I just received from your client?

MR. TIMOTHY P. COON:  No, your Honor.

THE COURT:  I did hear him speak a moment ago about payment, but I guess I was understanding from your submission that even if they paid you everything today, it was not your intention to remain on the case?  Or am I mistaken?

MR. TIMOTHY P. COON:  Well, your Honor, I think if payment would have been forthcoming, I think we probably would have stayed on the case at this point.  If payment was received, I think that that would then be up to the client whether they would want to continue to have us represent them, given what Mr. Crisci just said.

THE COURT:  All right.  Well, I'm not expecting that to happen.

I believe I understood from your papers you're not

1   seeking a retaining lien in this case?

2         MR. TIMOTHY P. COON:  No, we're not, your Honor,
3   because we don't want to do anything to prejudice the client's
4   rights going forward, so we would be more than willing to turn
5   over our files and cooperate with incoming counsel.

6         THE COURT:  Thank you.

7         Mr. Coon, is there anything else you'd like me to know
8   about your application?

9         MR. TIMOTHY P. COON:  No, your Honor.  I think you
10  have everything before you.

11        THE COURT:  Thank you.

12        Mr. Watkins, you've now heard me speak with Mr. Coon
13  and with Mr. Crisci.  Has your position changed, evolved, since
14  you spoke to me a few moments ago?

15        MR. WATKINS:  It has not, your Honor.  I appreciate
16  the situation that Generex and Eckert are in.  I acknowledge of
17  course that Generex should be represented by counsel that it
18  wants to have representing it and that the attorneys at Eckert
19  deserve to be paid for their work.  And so I understand that
20  things have come to a strait.  Nevertheless, the representation
21  that Mr. Crisci is working on retaining counsel does not
22  ameliorate my concerns about delay.

23        Further, I alluded to this earlier.  I didn't raise
24  it.  But I do not believe that the prima facie showing for
25  withdrawal for nonpayment has been made here.

1         THE COURT:  How so, sir?

2         MR. WATKINS:  There is no representation, your Honor,
3    that Generex is unable to pay.

4         THE COURT:  No.  No.  And there might be very -- there
5    might be reasons why they're doing that.  But would you agree
6    with me that the receivable that's owed to Eckert Seamans is
7    substantial?

8         MR. WATKINS:  Of course.  Of course.  Absolutely.
9    It's a substantial receivable.  However, there is case law that
10   while nonpayment of fees is a satisfactory reason for seeking
11   to withdraw and Don't question it at all, it is to be
12   accompanied by a representation that the reason for nonpayment
13   is that payment cannot be forthcoming.  Otherwise the remedy is
14   to pay your legal bill.

15        THE COURT:  Mr. Coon, do you want to --

16        MR. WATKINS:  Obviously we have a concern about the
17   creditworthiness of Generex.

18        THE COURT:  Well, exactly.  Right.  And I was assuming
19   that's why Mr. Coon was not as explicit in talking about the
20   financial situation of Generex because he doesn't wish to
21   prejudice his client in this matter.  But, Mr. Coon, let me not
22   speak for you.

23        MR. TIMOTHY P. COON:  Your Honor, I find that argument
24   to be somewhat, I don't want to use the word "disingenuous,"
25   but given what we went through with the plaintiff trying to

1  enforce a partial final judgment and all of the information
2  that they've managed to provide the Court showing that they may
3  not be able to pay a $300,000 judgment or $350,000 judgment,
4  now with our substantial receivable, which is some four times
5  higher than that, to say that we somehow have to demonstrate an
6  inability to pay seems to me to be, you know, of no merit.
7             THE COURT:  All right.
8             MR. TIMOTHY P. COON:  And I don't want to go any
9  further, your Honor, because I don't want to do anything to
10 prejudice the client, but I think the Court, in prior
11 applications by Generex, has seen information that Generex has
12 provided that would clearly establish at least the prospect of
13 the inability to pay.
14            THE COURT:  All right.  Thank you.
15            I will be granting the motion to withdraw.  The issue
16 is one of timing.  Mr. Coon, it may be that in this interim
17 period, that I may be directing you -- if -- I don't know that
18 this would happen, but if there was an order that needed to get
19 to Generex, I would be asking you to get it to them by whatever
20 means you've used to communicate with them previously.  Let me
21 understand the parties views.  Mr. Coon, after the arbitration
22 award comes out, let's say it comes out tomorrow, what time
23 period would the parties have to file a petition to confirm or
24 a petition to vacate with me, under the rules in play?
25            MR. TIMOTHY P. COON:  Your Honor, I want to say 20

1    days, but I'm not a hundred percent certain of that.
2             THE COURT:  And that's my concern.
3             MR. TIMOTHY P. COON:  Right.
4             THE COURT:  All right.  Mr. Watkins, do you have an
5    understanding of what the time period would be?
6             MR. WATKINS:  I don't have it off the top of my head
7    but I'm checking right now.
8             THE COURT:  OK.  And I'd also like to know if it's
9    subject to any extensions at all.
10            MR. WATKINS:  It must be subject to extensions, your
11   Honor, because it was extended last time.
12            THE COURT:  That's what I thought.  All right.
13            I am granting the motion to withdraw.
14            Mr. Crisci, please listen to me, sir.  Today is the
15   19th of January.  You have 30 days to get new counsel.  And if
16   you don't have new counsel in 30 days, there is a substantial
17   likelihood that you will default in this matter, and that's not
18   a great thing.  So please understand, the clock is ticking and
19   you have 30 days to get new counsel, to file an appearance in
20   this case.  Do you understand, Mr. Crisci?
21            MR. CRISCI:  Yes, I do, your Honor.  Thank you.
22            THE COURT:  Thank you very much.
23            All right.  Mr. Watkins, I have the very concerns that
24   you do about delay.  I don't wish to have delay.  But I also
25   think that the record in this case suggests that the Eckert

1  Seamans firm has done enough and they have a sufficiently high
2  receivable that, based on especially the recent history in this
3  case, I'm not going to force them to remain on any longer.
4          I also, from listening to what Mr. Crisci was saying
5  to me a few moments ago and what Mr. Coon was saying to me a
6  few moments ago, I am concerned that there are risks in the
7  relationship that either were precipitated by or that transcend
8  financial.  So I am granting the motion on these terms.
9          Mr. Watkins, is there anything else you'd like to
10 address in this conference?
11         MR. WATKINS:  No, not really, your Honor.  I would
12 just like to register -- I completely understand your
13 decision -- I do hope that the concerns that you just alluded
14 to remain before the Court in consideration of any subsequent
15 motion for an extension of time.
16         THE COURT:  They will be.  Thank you, sir.
17         And, Mr. Coon -- Timothy P. Coon; excuse me --
18 anything else you'd like me to know in this conference?
19         MR. TIMOTHY P. COON:  No, your Honor.
20         THE COURT:  All right.  Mr. Coon, as a last act, I
21 would ask you, please, to obtain a transcript of this
22 conference in the ordinary course.  When you receive it, I'll
23 receive a copy automatically, but please forward a copy to your
24 client, your soon-to-be-former client, sir, Mr. Crisci.  Thank
25 you.

L1JATHRMps

1      MR. TIMOTHY P. COON:  Thank you, your Honor.
2      THE COURT:  Yes.  With that and with my continued
3 wishes for safety and good health to all of you participating
4 in this conference, we are adjourned.  Thank you very much.
5      (Adjourned)