**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>GENEREX BIOTECHNOLOGY CORP.<br><br>　　　　　　Respondent. | Civil Action No. 18-CV-11585 (KPF)<br><br>**Oral Argument Requested** |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

01086098.4

Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group ("AEXG" or "Petitioner") submits this memorandum of law in support of its motion for summary judgment on its Second Supplemental Amended Petition to Confirm Arbitration Award.[1]

## PRELIMINARY STATEMENT

The Court's familiarity with the facts of the case is presumed, it having come before the Court twice before. In February 2019, AEXG moved to confirm an arbitration award (the "Award") issued in December 2018. Generex cross-moved, and ultimately the Award was remanded for clarification. In August 2019, Arbitrator Daniel Kolb (the "Arbitrator") issued a clarification (the "Clarification"), and another round of motion practice ensued, with AEXG seeking partial confirmation and partial *vacatur* for continued proceedings on one issue – the value of certain warrants, as the Award stated that AEXG was entitled to the "economic value" of said warrants, but did not state what that value was. In opposition, Generex sought to vacate portions of the award and confirm others, to bar a remanded proceeding and lock AEXG into a *de facto* award of zero for the warrants. The Court ordered the remand and the parties conducted a second, five-day arbitration proceeding (the "Remanded Arbitration") in September.

On February 4, 2021, the Arbitrator issued the Amended Award, which provides[2]:

1. [AEXG] is awarded US $3,300,000 as the economic value of the warrants at December 3, 2018 plus accrued simple interest running at 9% from December 3, 2018.

2. As the Prevailing Party [AEXG] is awarded a total of US $550,319.92 as payment of additional attorneys' fees and very limited disbursements in the amount of US $513,133.69 in addition to US $14,520.00 for payment of expert Arnold Katzenbaum, US $8,580.00 for the valuation of warrants by Richard Alter of [AEXG] and US $14,086.23 in costs for Akin Gump. Plaintiff has shown that in a

---

[1] The amended award of arbitrator, issued February 4, 2021 (the "Amended Award"), attached as Exhibit 14 to the Declaration of John F. Watkins ("Watkins Decl."), dated March 8, 2021, is filed contemporaneously herewith.
[2] *See* Petitioner's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("SMF"), ¶ 144; Watkins Decl., Ex. 14 (Amended Award).

> number of ways, including but not limited to change of counsel, it took steps to keep its attorneys' fees reasonable.
>
> 3. The compensation of the Arbitrator incurred in connection with these remanded arbitration proceedings totaling $31,112.50 shall be borne equally by the Parties. There were no administrative fees for the International Centre for Dispute Resolution.
>
> 4. This award is in full settlement of all claims and requests submitted in these remanded arbitration proceedings.

AEXG now moves for summary judgment to confirm the Amended Award, and for its accompanying costs and fees. An award of fees is especially appropriate here, where the sum awarded AEXG for the economic value of the warrants is within $360 of the sum AEXG proposed in its first summary judgment motion, two years and half a million dollars in fees ago – not counting what AEXG will incur in opposing Generex's inevitable cross-motion.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

In February 2017, AEXG and Generex entered into a written Memorandum of Understanding (the "Contract") whereby AEXG would provide referral services to Generex so it could secure financing for its business.[3] In the event of breach, the Contract provided for liquidated damages and the award of "warrants equivalent to any warrants sold or issued to a Referred Party" or, "[i]f no warrants are issued to the Referred Party … warrants exercisable at the price paid by the Referred Party for [Generex] shares" in certain amounts and subject to certain conditions[4], and an award of attorneys' fees to the prevailing party in any dispute.[5] Generex subsequently breached the Contract and the Arbitration ensued.[6]

---

[3] *See* SMF ¶¶ 7-8; Declaration of Richard Alter dated February 4, 2019 ("Alter Decl."), Ex. A (Contract).
[4] *See* SMF ¶ 9; Alter Decl., Ex. A (Contract) at 1.
[5] *See* SMF ¶ 25-26; Alter Decl., Ex. A (Contract) at 3.
[6] *See* SMF ¶¶ 27-33, 93; Alter Decl., Ex. B (Demand to Arbitrate) at 2. The $3 million transaction with Pharma resulted in the issuance of no warrants but 3,000 preferred shares, convertible into 1,200,000 shares of common stock at a conversion price of $2.50 per share. AEXG was therefore owed 84,000 warrants (1,200,000 shares x 7%) with an exercise price of $2.50, with a five-year duration, price adjustment provisions, and piggyback registration rights. S*ee also* SMF ¶ 32; Alter Decl., Ex. B (Demand to Arbitrate) at 13.

On October 10, 2018 – after the Arbitration but before the Award – Generex announced a stock dividend whereby it would issue twenty shares of common stock for every one share of issued and outstanding common stock (the "Stock Dividend").[7] Included in that announcement was a statement that all warrants would be "proportionally adjusted to reflect' the [Stock] Dividend."[8]

On November 2, 2018, AEXG advised the Arbitrator via email of the Stock Dividend and its terms, and requested that any award consider this Stock Dividend, otherwise AEXG would not be placed in the position it would have been had the breach not occurred.[9] Generex contended otherwise[10], and on November 30, 2018, effectuated the Stock Dividend.[11] Had Generex complied with the Contract, AEXG would have owned 84,000 warrants at the time of the Stock Dividend and participated in this proportional adjustment.[12]

On December 3, 2018, the Arbitrator issued a three-page decision detailing the Award[13], which, *inter alia*, awarded AEXG "the economic value today [(i.e., December 3, 2018)] of 84,000 warrants convertible to Respondent's stock exercisable at $2.50 per share as of September 24, 2018 [(i.e., the date of the Hearing)]"[14] AEXG moved to confirm the Award (Dkt. #17), while Generex opposed and cross-moved to vacate, modify, or remand (Dkt. #25). As to the warrant component of the Award, each party argued that it had unambiguously adopted said party's desired outcome, with AEXG calculating their "economic value" to be $3,300,360, and Generex arguing it was

---

[7] *See* SMF ¶ 52; Watkins Decl., Ex. 1 (Generex's Oct. 10, 2018 Announcement).
[8] *See* SMF ¶¶ 53-54; Watkins Decl., Ex. 1 (Generex's Oct. 10, 2018 Announcement).
[9] *See* SMF ¶¶ 63-67; Alter Decl., Ex. G (AEXG's Nov. 2, 2018 Email).
[10] *See* SMF ¶¶ 68-70; Alter Decl., Ex. H (Generex's Nov. 2, 2018 Email); Alter Decl., Ex. I (AEXG's Nov. 5, 2018 Email); Alter Decl., Ex. J (Generex's Nov. 5, 2018 Email).
[11] *See* SMF ¶¶ 72-73; Watkins Decl., Ex. 7 (Generex's Form 8-K) at 2.
[12] *See* SMF ¶¶ 80-83. The number of warrants would have been proportionally adjusted to 1,764,000 warrants (84,000 x 21) and the strike price of warrants would have been proportionally adjusted to approximately 11.9 cents ($2.50 / 21).
[13] *See* SMF ¶ 92; Alter Decl., Ex. O (Award).
[14] *See* SMF ¶ 95; Alter Decl., Ex. O (Award) at 3.

-4-

$0.00. The Court rejected both arguments, finding the Award to be ambiguous, and denied both motions except to grant a remand for clarification of the ambiguity (Dkt. #29). To the surprise of all involved, the Clarification confirmed the Arbitrator had left the "economic value" ambiguous on purpose (Dkt. #30-1).

Pursuant to the Court's April 20, 2020 order (Dkt. #67) a further hearing (the "Hearing") was held provide additional evidence in the Arbitration as to the value of the subject warrants on the appointed date. The Hearing was held remotely, over the course of five days, on September 9, 10, 11, 23 and 24, 2020, wherein extensive testimony was given.[15] The Arbitrator accepted pre-hearing[16] and post-hearing submissions[17] from both parties. Generex argued primarily that: (1) AEXG was not entitled to benefit from the dividend announced after the September 2018 arbitration hearing; (2) AEXG was entitled to recover only the value that 84,000 warrants with a strike price of $2.50 would have held on December 3, 2018 (or, in the alternative, March 28, 2017); and (3) the economic value of such warrants on either date was either zero or *de minimis*.[18] Generex also argued that it should be considered the prevailing party for purposes of the Hearing.[19] AEXG, in turn, argued that: (1) the value of the warrants should reflect the dividend; and (2) AEXG was therefore entitled to recover the economic value that 1,764,000 warrants with a strike price of $0.119 would have held on December 3, 2018; and (3) that the economic value of such warrants on such date would have been $3.46 million or, in the alternative, $3.3 million.[20]

---

[15] *See* SMF ¶¶ 136-37; Watkins Decl., Ex. 14 (Amended Award).
[16] *See* SMF ¶ 138; Watkins Decl., Ex. 15 (Generex's Pre-Hearing Submission) & 16 (AEXG's Pre-Hearing Submission).
[17] *See* SMF ¶ 138; Watkins Decl., Ex. 17 (Generex's Post-Hearing Submission) & 18 (AEXG's Post-Hearing Submission).
[18] *See* SMF ¶ 139; Watkins Decl., Exs. 15 & 17 (Generex's Pre-Hearing Submission & Post-Hearing Submission).
[19] *See* SMF ¶ 140; Watkins Decl., Ex. 17 (Generex's Post-Hearing Submission at 25).
[20] *See* SMF ¶ 141-42; Watkins Decl., Exs. 16 & 18 (AEXG's Pre-Hearing Submission & Post-Hearing Submission).

After this Hearing, as memorialized in the Amended Award, dated January 29, 2021, issued February 4, 2021, the Arbitrator found in favor of AEXG on all outstanding issues.[21] AEXG now seeks to confirm of the Amended Award in its entirety, as the Amended Award is, unquestionably, "final and definite" as to all issues remaining in this litigation.

## LEGAL ARGUMENT

### I.  Summary Judgment Standard

#### A.  Relevant Law: Summary Judgment Generally

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Summary judgment should be awarded "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the Court must view the evidence in a light most favorable to the non-moving party (Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)), said "party may not rely on mere conclusory allegations nor speculation but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. New York City., 132 F.3d 145, 149 (2d Cir. 1998).

#### B.  Relevant Law: Summary Judgment Confirming An Arbitral Award

A motion for summary judgment seeking confirmation or *vacatur*, in whole or in part, of an arbitral award that is "accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself," should be "based on the record." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Confirming an arbitration award "merely makes what is already

---

[21] *See* SMF ¶¶ 143-44; Watkins Decl., Ex. 14 (Amended Award).

a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984).

9 U.S.C. § 9 provides, in relevant part (emphasis supplied):

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration *may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected* as prescribed in sections 10 and 11 of this title [9 USC §§ 10, 11].

"The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" D.H. Blair & Co. v. Gottdiener, supra at 10, quoting Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 121 (2d Cir. 1991) (internal quotation marks and citation omitted). Only "a barely colorable justification for the outcome reached" by the arbitrator is necessary to confirm the award. Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted). A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high. See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) ("arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation" [internal quotation marks and citation omitted]).

**II.     AEXG Is Entitled To Confirmation Of The Amended Award**

A.     The Amended Award Is Final, Definite, And Resolves All Issues Submitted To Arbitration

This jurisdiction has long held that "[a]n award is mutual, definite and final if it 'resolves all issues submitted to arbitration and determines each issue fully so that no further litigation is necessary to finalize the obligations of the parties." ConnTech Dev. Co. v. Univ. of Conn. Educ.

Props., Inc., 102 F.3d 677, 686 (2d Cir. 1996) (internal quotation marks and citation omitted); accord Clarendon Nat'l Ins. Co. v. TIG Reins. Co., 990 F. Supp. 304, 311 (S.D.N.Y. 1998).

Here, there can be no genuine dispute as to the finality of the parties' obligations.[22] According to the Amended Award, Generex is unambiguously obligated to: (1) pay AEXG $3.3 million as the "economic value" of the warrants (plus accrued simple interest running at 9% from December 3, 2018); and (2) pay AEXG $550,319.92 for additional costs and fees. In addition, the Amended Award provided that compensation of $31,112.5 should be rendered to the arbitrator, to be borne equally by the parties. The Amended Award also rejected Generex's contention that it should be considered the prevailing party for the purposes of the Hearing.[23]

As such, the Amended Award is definite, final, and resolves all outstanding issues with respect to this litigation. The Amended Award even confirms this explicitly, noting: "[t]his award is in full settlement of all claims and requests submitted in these remanded arbitration proceedings."[24]

B.     There Is No Conceivable Basis Upon Which The Amended Award Could Be Challenged

The Amended Award is not susceptible to challenge. It is based upon facts and law laid out in eight pages of comprehensive reasoning wherein the Arbitrator outlined: (1) the salient facts and background, (2) the parties' contentions, (3) the relevant legal principles, and (4) the arbitrator's application of these legal principles to the facts of this case. Accordingly, there is much more than a merely "a barely colorable justification" for the Amended Award, which is all that is required for the confirmation AEXG now seeks. Landy Michaels Realty Corp., 954 F.2d at 797. Generex cannot meet the very high burden of establishing that confirmation should not take

---

[22] There are no allegations of that the other potential bases for *vacatur* of the award pursuant to 9 U.S.C. § 10 (a) (i.e., fraud, corruption, or other misconduct) could exist here, as indeed, they do not.
[23] Watkins Decl., Ex. 14 (Amended Award).
[24] *Id.*

place. See generally Willemijn Houdstermaatschappij, BV, 103 F.3d at 12.  In fact, this Court explained, in Refino v. Feuer Transp., Inc., 480 F. Supp. 562, 565 (S.D.N.Y. 1979):

> An award can be vacated only under one of the grounds specified in section 10 of the Arbitration Act, 9 U.S.C. § 10. Office of Supply, Government of Republic of Korea v. New York Navigation Co., 469 F.2d 377, 379 (2d Cir. 1972). These grounds do not include mistakes of fact, errors of law, inadequate reasoning or even arbitrary determinations.

Accord First Interregional Equity Corp. v. Haughton, 842 F. Supp. 105, 111-12 (S.D.N.Y. 1994) ("The question of whether arbitration awards can be rejected under an arbitrary and capricious standard was directly considered by this Court in Refino v. Feuer Trans., Inc., 480 F. Supp. 562 (S.D.N.Y. 1979), aff'd, 633 F.2d 205 (2d Cir. 1980). The Court therein found that an arbitration award issued pursuant to the FAA could not be vacated because of inadequate reasoning or even arbitrary determinations. The Court held, however, that it was 'arguable,' although not certain, that an arbitration award could be vacated if it is 'completely irrational.' Refino, 480 F. Supp. at 565"). In sum, even an arbitrator's award that is arbitrary and capricious will be confirmed.

At the Hearing, the Arbitrator heard testimony from the parties, their experts, and a former officer and counsel to Generex who was intimately involved with the Contract that gave rise to this matter.[25]  As AEXG explained in its post-hearing submission, *inter alia*, testimony from Mark Fletcher demonstrated that the warrants at issue must be price adjusted to maintain the "7% coverage" for which AEXG bargained, which was memorized in the Contract.[26]  Mr. Fletcher further admitted that the Board Resolution would have bound Generex to treat AEXG's warrants as having price adjustment provisions if the warrants were deemed "outstanding" prior to the Dividend date, and the Award itself refers to the warrants as existing "as of" September 24, 2018,

---

[25] *See* SMF ¶ 137; Watkins Decl., Ex. 14 (Amended Award); Watkins Decl., Ex. 18 (AEXG's Post-Hearing Submission) at 4-5.
[26] Watkins Decl., Ex. 18 (AEXG's Post-Hearing Submission) at 4-5.

which was before the Dividend date.[27] Further, the testimony and reports of AEXG's expert, Arnie Kastenbaum, demonstrated, *inter alia*, that $3.3 million is an appropriate value with which to compensate AEXG for the warrants at issue (i.e., their intrinsic value as of December 3, 2018).[28]

Accordingly, the Hearing testimony, extensive briefing (with each submission containing numerous exhibits), and the pleadings in this matter provided the Arbitrator with much more than ample information upon which to base the Amended Award. In the Amended Award, the Arbitrator accurately summarized the respective positions of the parties, and then explained, in detail, why, according to the plain terms of the Contract, the appropriate value of the warrants at issue should be adjusted for the stock dividend.[29] The Arbitrator then went on to explain specifically why he rejected each of Generex's ancillary arguments.[30] There is no conceivable basis upon which Generex could argue that the Amended Award was arbitrary and capricious, as the Amended Award was based on the application of facts and law by means of sound and well-articulated reason. See generally Westinghouse Elec. Corp. v. New York City Transit Auth., 14 F.3d 818, 823 (2d Cir. 1994) ("Under New York law, a determination is arbitrary and capricious when it is said to be 'without sound basis in reason,'" quoting Pell v. Board of Educ., 34 N.Y.2d 222 (1974). Much less can Generex argue that there is not a "barely colorable justification" for the Amended Award, which is what would be required for *vacatur* here. Landy Michaels Realty Corp., 954 F.2d at 797. Here, the Amended Award should be confirmed, in its entirety, as it was fully supported by the record and its basis was thoroughly explained by the arbitrator.

---

[27] *Id.* at 8.
[28] *Id.* at 19.
[29] *See* Watkins Decl., Ex. 14 (Amended Award) at 3-4. The Amended Award speaks for itself and renders it unnecessary to publicly-file the transcripts of the hearing. AEXG reserves the right to file them, however, to address any arguments Generex may raise in opposition.
[30] *Id.* at 4-6.

### III. AEXG Is Entitled To Attorneys' Fees And Costs Associated With This Motion Practice

The Contract provides that "[i]f any legal action or arbitration or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation . . . the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding."[31]  The provision encompasses any attorneys' fees and costs associated with seeking confirmation of the arbitration award before this Court.  See Universal Computer Servs. V. Dealer Servs., No. 02-CV-6563, 2003 U.S. Dist. LEXIS 12237, *7-9 (E.D.N.Y. July, 17, 2003) (finding that district court empowered to award fees and costs associated with pursuing a motion to confirm an arbitration award); N.Y.C. Dist. Council of Carpenters Pension Fund v. Timberline Interiors Inc., 2011 U.S. Dist. LEXIS 150400, *8-9 (S.D.N.Y. Aug. 23, 2011).  Indeed, this Arbitrator already found that attorneys' fees associated with prior efforts to enforce the initial award in this Court "were a direct result and effectively an extension of the Arbitration" and recoverable.[32]

As such, AEXG respectfully requests that the Court award it the attorneys' fees and costs associated with the current confirmation application.  AEXG proposes to include its incurred costs in evidentiary form with its reply papers, as is proper (a) to assist in the calculation of the final judgment, so that it may be expeditiously entered upon the granting of this motion; (b) because the bulk of such fees have not yet been incurred; and (c) because Generex, which has the final word on this motion sequence, will not be denied an opportunity to contest the same.

---

[31] Alter Decl., Ex. A (Contract) at 3.
[32] Watkins Decl., Ex. 14 (Amended Award) at 7.

## **CONCLUSION**

For all the foregoing reasons, AEXG respectfully requests that the Court grant its motion for summary judgment in its entirety.

Dated:  March 8, 2021

                                        Shaub, Ahmuty, Citrin & Spratt LLP


                                        /s/John F. Watkins_____
                                        John F. Watkins
                                        Jonathan P. Shaub
                                        Sofya Uvaydov
                                        1983 Marcus Avenue
                                        Lake Success, New York 11042
                                        (516) 488-3300
                                        (516) 488-2324 (fax)
                                        jwatkins@sacslaw.com
                                        jshaub@sacslaw.com
                                        suvaydov@sacslaw.com