# **EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP,<br><br>Petitioner<br><br>and<br><br>OASIS CAPITAL, LLC<br><br>Proposed Intervenor-Petitioner<br><br>v.<br><br>GENEREX BIOTECHNOLOGY CORP.<br><br>Respondent. | C.A. No. 18-cv-11585 (KPF) |

### OASIS CAPITAL, LLC'S INTERVENOR COMPLAINT

Proposed Intervenor Oasis Capital, LLC ("Oasis"), by its undersigned counsel, ArentFox Schiff LLP, respectfully petitions this Court for relief as follows:

### THE PARTIES

1.      Petitioner Three Brothers Trading, LLC, d/b/a Alternative Execution Group, is, upon information and belief, a limited liability company under the laws of New York, the members of which – Richard Alter and Caroline Alter – are residents of Mamaroneck, New York.  Three Brothers Trading, LLC's principal place of business is located at 708 Third Ave., New York, New York 10017.

2.      Respondent Generex Biotechnology Corp. ("Generex") is a Delaware entity, with its principal place of business located at 4145 North Service Road, Burlington, Ontario L7L6A3 and 10102 USA Today Way, Miramar, FL 33025.

3.      Oasis is a Puerto Rican limited liability company with a principal place of business in San Juan, Puerto Rico, 00918.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Oasis' claims pursuant to 28 U.S.C. § 1367, because Oasis' claims are so related to the claims in the above-captioned action that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper and personal jurisdiction exists because the Three Brothers Trading, LLC and Generex have agreed to litigate their dispute before this Court.

## RELEVANT FACTS AND PROCEEDINGS

6.      Oasis is the sole secured creditor of Generex.  Oasis and Generex have entered into a number of loan agreements, including:

a.      a loan to Generex in the principal amount of up to $1,689,500 made pursuant to that certain Convertible Promissory Note issued on February 17, 2021 (the "February 2021 Note") and that certain Securities Purchase Agreement dated as of February 21, 2021 (the "February 2021 Securities Agreement"), and

b.      a loan to Generex in the principal amount of to $1,085,000 made pursuant to that certain Secured Convertible Promissory Note issued on July 8, 2021 (the "July 2021 Note", and together with the February 2021 Note, collectively, the "Secured Notes") and that certain Securities Purchase Agreement dated as of July 8, 2021 (the "July 2021 Securities Agreement", and together with the February 2021 Securities Agreement, collectively, the "Securities Agreements").

7.      The Notes are secured by liens on and security interests in (the "First Lien") all Accounts, Goods, Inventory, Equipment, Investment Property, General Intangibles, Instruments,

Documents, and all other assets and personal property of the Company, wherever located, together with all the proceeds now or hereafter arising in connection therewith (the "Collateral").

8.      Oasis filed a UCC-1 Financing Statement (Filing No. 2022 0669879) with the Delaware Department of State and perfected its First Lien in the Collateral.

9.      As of the date of this Complaint, Oasis holds a secured claim against Generex in an aggregate amount of approximately \$5,464,091.62 plus interest, fees, costs and other charges which continue to accrue.

10.     Generex has ceased payment on any of the Notes, and is in default of each of the Notes and in breach of each of the Securities Agreements.

11.     On March 23, 2022, Three Brothers Trading, LLC submitted a proposed order (the "Proposed Receiver Order") to the U.S. District Court for the Southern District of New York in the above-captioned matter.

12.     The Proposed Receiver Order described certain proposed rights, obligations, responsibilities, and powers of a receiver to be appointed to operate Generex.

13.     The Proposed Receiver Order if endorsed would negatively and impermissibly effect Oasis' rights as a secured creditor. On March 28, 2022, Oasis filed a letter with the Court articulating its objections to the Proposed Receiver Order.

14.     Oasis brings this action for breach of contract and seeking a declaration of its rights under the First Lien, the Notes, and the Securities Agreements.

**COUNT I – BREACH OF CONTRACT**

15.     Oasis realleges and incorporates as if fully set forth herein its allegations in each and every other paragraph of this Complaint.

16.     Pursuant to the terms of the Notes, Generex was and continues to be obligated to pay interest and principal payments to Oasis.

17.     Generex has failed to make its required payments. Generex's failure to pay constitutes a material breach of the parties' Agreements.

18.     As a consequence of such breach, Oasis has been damaged in an amount to be determined at trial in an amount not less than the amount due under the Notes and Securities Agreements, and is entitled to all of the remedies set forth in the Securities Agreements and Notes.

## COUNT II – DECLARATORY JUDGMENT

19.     Oasis realleges and incorporates as if fully set forth herein its allegations in each and every other paragraph of this Complaint.

20.     An actual and justiciable controversy exists as to Oasis' rights under the Securities Agreements and the  Secured Notes including  in  the context of a receivership proceeding.

21.     Oasis has a perfected  lien against the Collateral securing the Secured Notes.  Oasis is the first and sole secured creditor of Generex.

22.     Oasis seeks a declaration from this Court that:

    a.     Generex is in default of the Secured Notes;
    b.     Oasis has a perfected security interest in the Collateral;
    c.     The Collateral secures the obligations of Oasis under the Secured Notes;
    d.     Oasis is the sole secured creditor of Generex and, as such, has rights with respect to the Collateral that are superior to those of other creditors;
    e.     Oasis' perfected security interest is entitled to priority over other creditors in a receivership; and
    f.     The Proposed Receiver Order violates its rights as a secured creditor.

23.     Oasis is entitled to issuance of such declaratory relief from this Court.

## DEMAND FOR RELIEF

WHEREFORE, Oasis respectfully requests that this Court:

1.     Enter a declaratory judgment that: (a) Generex is in default of the Secured Notes; (b) Oasis has a perfected security interest in the Collateral; (c) the Collateral secures the obligations of Oasis under the Secured Notes; (d) Oasis is the sole secured creditor of Generex and, as such, has rights with respect to the Collateral that are superior to those of other creditors; (e) Oasis' perfected security interest is entitled to priority over other creditors in a receivership; and (f) the Proposed Receiver Order violates Oasis' rights as a secured creditor; and

2.     Award to Oasis, and against Generex, all of the damages resulting from Generex's breach its agreements with Oasis described herein; and

3.     Award to Oasis, and against Generex, its attorney's fees and costs in this action;

4.     Order such further relief as it deems just and proper.

Respectfully submitted,

**ARENTFOX SCHIFF LLP**

*/s/ Brett D. Goodman*
George P. Angelich
Brett D. Goodman
Beth M. Brownstein
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 484-3900
George.Angelich@afslaw.com
Brett.Goodman@afslaw.com
Beth.Brownstein@afslaw.com

*Attorneys for Oasis Capital, LLC*

5