## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP, <br><br> Petitioner <br><br> and <br><br> OASIS CAPITAL, LLC, <br><br> Proposed Intervenor-Petitioner <br><br> v. <br><br> GENEREX BIOTECHNOLOGY CORP., <br><br> Respondent. | C.A. No. 18-cv-11585 (KPF) |

## OASIS CAPITAL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS REQUEST TO INTERVENE

### I.    RELEVANT BACKGROUND

Oasis Capital, LLC ("Oasis") is the sole secured creditor of Generex Biotechnology Corp., the respondent in this matter ("Generex" or "Respondent").[1]  On March 23, 2022, Three Brothers Trading, LLC d/b/a Alternative Execution Group ("Three Brothers") submitted a proposed receivership order to this Court (the "Proposed Receiver Order").  *See* ECF No. 139-1.

In accordance with this Court's March 24,2022 Order (ECF No. 144), Oasis filed a letter objecting to certain provisions in the Proposed Receiver Order (ECF No. 145) ("Oasis Letter").  A true copy of the Oasis Letter is attached hereto as **<u>Exhibit A</u>**. Oasis seeks to intervene in this proceeding pursuant to Fed R. Civ. P. 24 because the Respondent's Proposed Receiver Order

---

[1] For a fuller description of Oasis' status as Generex's sole creditor, Oasis respectfully refers this Court to its letter.

would unduly prejudice, adversely affect, and deprive Oasis' rights as a secured creditor. A proposed Intervenor Complaint is attached to the Notice of Motion, filed herewith.

## II.   ARGUMENT

This Court should grant Oasis' request to intervene because Oasis satisfies the requirements of Fed. R. Civ. P. 24(a)(2) for intervention as of right and also satisfies the Second Circuit's standards for permissive intervention pursuant to Fed. R. Civ. P. 24(b).

### a.   *Oasis is Entitled to Intervene as a Matter of Right*

Federal Rule of Civil Procedure 24(a)(2) sets out the grounds under which a court must allow a party to intervene as of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  From this rule, courts have derived a four-part test for intervention as of right: a movant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *In re New York City Policing During Summer 2020 Demonstrations*, --- F.4th ---, 2022 WL 627436, at *4 (2d Cir. Mar. 4, 2022) (quoting *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Cor.*, 467 F.3d 238, 240 (2d Cir. 2006)).

### i.   Oasis' Motion to Intervene is Timely.

Oasis' motion is timely.  "When considering whether a motion to intervene is timely, courts should consider, at minimum, (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a

finding of timeliness." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, C.A. No. 14-md-2542 (VSB), 2021 WL 1393336, at *2 (S.D.N.Y. Apr. 13, 2021) (quotations omitted, citing *Frankel v. Cole*, 490 F.App'x 407, 408 (2d Cir. 2013) (summary order)).

Here, there can be no reasonable dispute regarding the timeliness of this motion. Plaintiff Three Brothers filed the Proposed Receiver Order on March 23, 2022, putting Oasis on notice that its interests will be negatively impacted. *See* ECF No. 139. Oasis' motion is filed within five days of the Petitioner's filing, and is thus well within the bounds set by this Court. *See e.g. In re Keurig*, 2021 WL 1393336, at *2 (finding that two months was a reasonable period of time to file a motion to intervene following conclusion of negotiations).[2]

### ii.   Oasis Has a Legally Cognizable Interest in this Case.

Oasis has important and legally cognizable interests in this case. As described in the Oasis Letter and in the draft Intervenor Complaint, Oasis is the only secured creditor of Generex. Oasis has a significant legal interest in ensuring that its rights as a secured creditor are respected, and that any receiver appointed in this case adheres to state and federal laws regarding treatment of creditors in situations similar to these.

### iii.   Oasis' Interest Will Be Impaired By the Disposition of This Action.

The Proposed Receiver Order purports to severely circumscribe Oasis' rights as Generex's only secured creditor, potentially resulting in millions of dollars of losses for Oasis, and causing Oasis to involuntarily fund the receiver's activities. Oasis therefore has an interest that will be impaired if the Proposed Receiver Order is approved by this Court and entered.

---

[2] The question of timeliness turns on "how long [Oasis] had notice of the interest before it made the motion to intervene," not when this lawsuit was initiated. *See e.g. In re Keurig*, 2021 WL 1393336, at *2 (timeliness analysis triggered by notice of interest, which occurred approximately seven years after suit was filed).

3

iv.  <u>Existing Parties To This Dispute Do Not Adequately Protect Oasis'
Interests in this Matter.</u>

Neither Generex nor Three Brothers can adequately protect Oasis' interests in this matter.

Indeed, both appear to have adverse interests to Oasis.  First, Oasis' claims are brought against

Generex.  Further, Oasis and Three Brothers have a fundamental disagreement regarding terms

contained in the Proposed Receiver Order and their rights with respect to the assets that are

available to satisfy their respective debts.  Due to the divergent interests of Oasis as a secured

creditor, Three Brothers as an unsecured judgment creditor, and Generex as a borrower in default,

Oasis' interests cannot be adequately protected by any of the existing parties to this dispute, and

because Oasis satisfies the other requirements of Fed. R. Civ. P. 24(a), this Court should allow its

motion to intervene as of right.

### b.  *Oasis Should Be Permitted to Intervene Pursuant to R. 24(b)(1).*

Federal Rule of Civil Procedure 24(b)(1)(B) provides:  "On timely motion, the court may

permit anyone to intervene who . . . has a claim or defense that shares with the main action a

common question of law or fact." Permissive intervention is left to the sound discretion of the

district court, and courts often rely on the same four-part framework considered for intervention

under F.R.C.P. 24(a).  *See e.g. Bionpharma Inc. v. CoreRX, Inc.*, C.A. No. 21-CV-10656 (JGK),

2022 WL 580767, at *5 (S.D.N.Y. Feb. 24, 2022) (citing *"R" Best Produce, Inc.*, 467 F.3d at

240)).  The "central factor" when considering a request for permissive intervention is "whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Id.*

(quoting Fed. R. Civ. P. 24(b)(3); *U.S. v. N.Y.C. Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y.

2018)).

As stated in Section II(a) of this memorandum, *supra*, Oasis satisfies the four-part test

typically employed by the Second Circuit when considering motion to intervene.  Furthermore,

granting Oasis' motion will not "unduly delay or prejudice the adjudication of the original parties' rights." Oasis seeks to intervene to resolve a critical element of this case: the rights and responsibilities of a receiver, as they relate to existing rights and responsibilities Generex owes to its secured creditor, Oasis. A thorough review of those issues will not "unduly delay or prejudice" any party's rights in this dispute. Instead, resolution of this important issue is central to the determination of how the Receiver will address Generex's business obligations moving forward.

### c.  This Court Has Jurisdiction to Adjudicate Oasis' Claims and Defenses

Three Brothers brought this action in federal court asserting diversity jurisdiction. Oasis seeks to intervene to protect its rights with respect to the proposed receivership. Under these circumstances, the Court can adjudicate the Oasis claims whether or not its joinder defeats diversity. *See Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006) (jurisdiction upheld) (allowing dispensable nondiverse party to intervene "to protect an interest that arose during the course of a federal litigation in which [it] had no stake at the outset"); *see also Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 482–83 (D.C. Cir. 1996) (jurisdiction upheld) (allowing addition of dispensable, nondiverse party as defendant under Rule 25(c) because an interest was transferred to the party after the action was commenced). Here, Oasis' interest in this proceeding arose just last week, when Three Brothers filed the far-reaching Proposed Receiver Order which contains extraordinary provisions purporting to define the scope, powers, and responsibilities of a Generex receiver. *See* ECF No. 139.

Those extraordinary provisions contained in the Proposed Receiver Order are intended to shift the cost of the Receiver's activities onto Oasis through attempted language that could be used to, *inter alia*, allow for priming of Oasis' lien, fee charges, and alteration of Oasis' collateral without its consent. Moreover, the Proposed Receiver Order would enjoin Oasis from foreclosing

AFDOCS/25549121.4

on its collateral, thereby depriving Oasis of its property rights while allowing Participating Creditors optionality with respect to their rights and remedies. The imbalance is intentional and targets Oasis to bear the legal and financial consequences of appointment of the receiver. Since Oasis' "interest in the proceeding" arose mere days ago (and over three years after commencement of the above-captioned action) this Court has subject matter jurisdiction to adjudicate the Oasis claims.

## III.    CONCLUSION

For the reasons stated herein, Oasis respectfully requests that this Court grant its motion to intervene as a petitioner in the above-captioned matter.

Dated: March 28, 2022
          New York, New York

ARENTFOX SCHIFF LLP

*/s/ Brett D. Goodman*
George P. Angelich
Brett D. Goodman
Beth M. Brownstein
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 484-3900
George.Angelich@afslaw.com
Brett.Goodman@afslaw.com
Beth.Brownstein@afslaw.com

*Attorneys for Oasis Capital, LLC*

AFDOCS/25549121.4

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the attached was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on March 28, 2022.

*/s/  Brett D. Goodman*
Brett D. Goodman