

OFFICES  NEW YORK  NEW JERSEY  CONNECTICUT

March 30, 2022

Hon. Katherine Polk Failla
District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall States Courthouse
40 Foley Square
New York, NY 10007

Re:   Three Brothers Trading, LLC v. Generex Biotechnology Corp.,
       Case No. 18-cv-11585 (KPF)

Dear Judge Failla:

This firm is counsel to Three Brothers Trading, LLC d/b/a Alternative Execution Group ("AEXG"), petitioner in the above-referenced action, and we respectfully submit this responsive letter in order to correct the record as set forth in the letter filed by Oasis Capital, LLC ("Oasis") dated March 28, 2022 (ECF Doc. No. 145) (the "Oasis Letter") and its related filings.[1]  AEXG respectfully submits that the Court should (1) enter the proposed Order submitted on March 23, 2022 appointing the proposed receiver (the "Proposed Receivership Order"), and (2) deny Oasis' request for a hearing and late filed *Motion to Intervene as Petitioner* (ECF Doc. No. 146) (the "Motion to Intervene").

**Oasis is Intentionally Delaying Much Needed Progress, Because the Perfection of its Security Interest is an Avoidable Preference**

First, Oasis is intentionally seeking to delay entry of the Proposed Receivership Order (in any form) and distract the parties and this Court in order to avoid anyone, including a receiver, from commencing a bankruptcy case on behalf of Generex Biotechnology Corp. ("Generex") before April 25, 2022, even if doing so would be in the best interests of Generex's creditors.  Oasis is pursuing this course of action because it filed a UCC-1 Financing Statement to perfect its lien on January 25, 2022, more than 7 months after its last loan to Generex.  But, Oasis did not perfect its lien contemporaneously with the making of its loan and, therefore, the Oasis lien is subject to avoidance as a preferential transfer if a bankruptcy case is commenced by or against Generex within 90 days of that perfection (by April 25, 2022).  11 U.S.C. § 547(b) and (e)(2)(B) (for

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Oasis Letter.

**COFFEY MODICA O'MEARA CAPOWSKI**

200 E. Post Rd. Suite 210 White Plains, NY 10601     212-827-4501     jwatkins@cmocllp.com

Hon. Katherine Polk Failla
March 30, 2022
Page 2

preference purposes, a "transfer" is made "at the time such transfer is perfected, if such transfer is perfected after such 30 days"); *see, e.g., Brown v. Callaway Bank (In re Meritt),* 7 B.R. 876 (Bankr. W.D. Mo. 1980) (holding creditor's perfection of its security interest within ninety (90) days before the filing of the bankruptcy petition constitutes an avoidable preferential transfer).

Accordingly, any delay in the appointment of a receiver who will carefully analyze these issues, or the commencement of an involuntary bankruptcy filing against Generex, benefits Oasis at the expense of unsecured creditors. For the avoidance of doubt, and notwithstanding its glaring absence from the Oasis Letter and the Motion to Intervene, we understand that Oasis is well aware of this issue regarding the potential avoidance of the perfection of its lien, which we understand has been discussed at great length among the parties. Additional delay also harms unsecured creditors, because additional lawsuits are being filed against, and being defaulted by, Generex (most recently on March 24, 2022).

**Oasis Knew About this Action and AEXG's Efforts to Appoint a Receiver for Months**

Second, Oasis knew about the existence of this action – which was commenced years before Oasis extended credit to Generex – and of the effort to appoint a receiver since the filing of AEXG's motion in November 2021. Oasis should not be permitted to appear after AEXG obtained a judgment against Generex, after AEXG's motion for the appointment of a receiver was already granted and at this late hour (i) assert a right to intervene, (ii) assert that any proposed intervention is "timely", (iii) propose mediation, and (iv) suggest that the relief sought by AEXG and supported by other creditors – the appointment of a receiver with actual authority to act in the best interests of all creditors, not just one allegedly secured creditor, is somehow extraordinary.

Indeed, we understand that Oasis has been actively involved with the parties in this matter since at least the last week of January 2022, including having direct contact with Mr. Moscato and another member of the Generex Board regarding potential resolutions of AEXG's motion for the appointment of a receiver. In addition, we understand that Oasis has been in contact with its current counsel about the possible appointment of a receiver since at least the first week of February 2022. Further, while the Motion to Intervene asserts that Oasis has moved quickly, a prior version of the Proposed Receivership Order was annexed to AEXG's initial motion filed in November 2021, and the version submitted on March 23, 2022 provides only limited additions that are in the interests of the creditor body (as discussed below).

For the avoidance of doubt, Oasis has had ample opportunity to comment on the Proposed Receiver Order in advance of filing the Oasis Letter. For example, when counsel for Oasis announced their retention to AEXG and other creditors on Friday, March 18, 2022, counsel for GS Capital responded that day inviting discussion over the weekend or otherwise, and noting the need for the receiver appointment by March 23, 2022 (because of the desire to avoid a Generex default in another matter for failure to oppose by March 24, 2022). No reply or comments were received by or on behalf of Oasis until its letter filed with the Court on March 24, 2022 (ECF. Doc. No. 143) which requested five (5) days to continue reviewing the Proposed Receivership Order and

Hon. Katherine Polk Failla
March 30, 2022
Page 3

file something with the Court (it is curious why Oasis needed so much time), and no further comments to the Proposed Receivership Order were received until the filing of the Oasis Letter. In contrast, other creditors did engage with AEXG on the contents of the Proposed Receivership Order, which are reflected in the revised version submitted on March 23, 2022.

AEXG respectfully submits that, instead of seeking to intervene at this remarkably late stage, any legitimate concerns of Oasis concerning the Proposed Receivership Order would have been better served by engaging with AEXG and other unsecured creditors to arrive at acceptable language. Regrettably, Oasis has failed to do so.

**The Proposed Receivership Order Does Not Include Extraordinary Provisions – the Authority Granted Thereunder is Necessary, Reasonable, and Common**

Third, the provisions of the Proposed Receivership Order are necessary, reasonable, and common, especially under the circumstances. The mischaracterization by Oasis of certain powers and rights granted under the Proposed Receivership Order must be corrected:

(a) there was no attempt in the Proposed Receivership Order to prefer AEXG or any other creditor, or to unjustly extinguish a valid perfected security interest, by proposing pro rata distributions. Pro rata distributions to creditors in a liquidation scenario are typical, fair, and in the best interests of Generex's creditors. Further, at the time AEXG moved for the appointment of a receiver (November 2021), Oasis had not filed its financing statement, so AEXG was not on notice of any attempt to perfect an alleged security interest (the fact that Oasis' late attempt to perfect its lien may be avoided leaves Oasis in the same class with all of Generex's other creditors and, therefore, a pro rata distribution would make perfect sense). The Proposed Receivership Order does not seek preferential treatment of AEXG's claims, despite the massive burden that AEXG has undertaken to bring the case to this point[2];

(b) requiring the proposed receiver to communicate with a creditor representative is not extraordinary, it is akin to having a trustee communicate with a chairperson of the committee of unsecured creditors in a bankruptcy case, eliminates inefficiencies, and in any case, the receiver is required to file periodic status reports with the Court;

(c) the proposed Order does not require the proposed receiver to file a bankruptcy petition simply because the "Participating Creditors" direct him to, but rather gives him the authority to do so if the circumstances justify and require that action. In fact, even if

---

[2] In the Oasis Letter, Oasis cites *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93 (2d Cir. 1988), for the principle that receivers have a duty to preserve property for all creditors, not just the complaining creditor. The *Citibank* decision does not stand for this principle, and even if it did, that would actually weigh in favor of the immediate appointment of a receiver here – the only creditor complaining is Oasis and that is because it stands to lose its alleged secured status.

the "Participating Creditors" request that the Receiver commence a bankruptcy against Generex, the proposed receiver is not required to take any action that would not be in the interests of creditors generally. For example, if a receiver sees that his or her efforts will be solely for the benefit of a single allegedly secured creditor, but a bankruptcy filing would allow substantially all of a debtor's creditors to recover some amount, the receiver should have the ability to exercise discretion and commence a bankruptcy proceeding, even if it is not in his or her own personal interests to do so.

(d) it is not extraordinary for a pre-bankruptcy court-appointed receiver to continue post-petition to manage the day-to-day activities of the debtor-in-possession, especially where current management cannot be trusted to do so. *See, e.g., Adams v. Marwil (In re Bayou Group, LLC, et al.),* 363 B.R. 674 (S.D.N.Y. 2007) (holding district court had power to grant court-appointed receiver "sole and exclusive power and authority to manage and direct the business and financial affairs of the [debtors], including without limitation, the authority to petition for protection under the Bankruptcy Code" and extending that logic to hold that "[t]he management of a bankruptcy entity that files in Chapter 11 is automatically authorized to act as the debtor-in-possession . . . .").

(e) the Proposed Receivership Order does not permit the receiver to commence bankruptcy proceedings on behalf of Generex's affiliates and subsidiaries, unless the requisite authority already exists under those entities' corporate organizational documents and applicable law;

(f) there is nothing inequitable or unusual about granting a receiver's reasonable fees and costs incurred but not yet paid priority status in a bankruptcy case, and the Proposed Receivership Order as currently drafted and submitted grants the proposed receiver's fees <u>priority</u> status not administrative expense claim status as alleged in the Oasis Letter, which is drastically different;

(g) the receiver has the ability or option under the Proposed Receivership Order to borrow funds from Participating Creditors, but only if it is needed to fulfill his duties under the Order, and the receiver is not required to do so. There is no provision authorizing a priming lien in (although Oasis has alleged otherwise, another mischaracterization of the facts and Oasis has no negative pledge or consent right under its loan documents that would be overridden by any such provision).

(h) it is not at all clear or comprehensible why Oasis would object to a receiver filing status reports and providing his or her opinion on whether a bankruptcy proceeding would be more efficient and in the best interests of creditors as opposed to continuing with a receivership; and

      (i) contrary to the Oasis characterization, all creditors – and not just the Participating Creditors – have the right under the Proposed Receivership Order to commence an involuntary bankruptcy. Of course Oasis would object to allowing creditors to file an involuntary bankruptcy petition, because in the unlikely event that a receiver declines to commence a bankruptcy when it is in the interests of Generex's creditors to do so, such inaction would be to Oasis' benefit alone.

**Conclusion**

In light of the circumstances with the Oasis lien, and the state of affairs at Generex, it is imperative that a receiver be appointed as soon as possible to preserve value for all creditors, and he or she must have the authority to commence a bankruptcy filing on behalf of Generex by April 25, 2022 if it is in the interests of creditors to do so. AEXG respectfully submits that this Court should move ahead with the motion it granted in February, enter the Proposed Receivership Order submitted by AEXG and supported by other creditors of Generex, and deny Oasis' untimely requests for additional time, a hearing, mediation, its Motion to Intervene, and any other delay tactics thrown at the Court.

Respectfully submitted,

*/s/ John F. Watkins*

John F. Watkins

JFW/tm