

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900    **MAIN**
212.484.3990    **FAX**

afslaw.com

**George Angelich**
Partner
212.457.5423    **DIRECT**
George.Angelich@afslaw.com

March 31, 2022

VIA ECF

Hon. Katherine Polk Failla
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Three Brothers Trading, LLC v. Generex Biotechnology Corp.*,
      Case No. 18-cv-11585 (KPF)

Dear Judge Failla:

  We write on behalf of Oasis Capital, LLC ("Oasis") to address certain misstatements, important concessions and acknowledgements made by petitioner Three Brothers Trading, LLC d/b/a Alternative Execution Group ("AEXG") in its letter of March 30, 2022 [ECF No. 149] (the "AEXG Letter") concerning the Petitioner's Proposed Order Appointing Receiver Over Judgment Debtor's Property [ECF No. 139-1] (the "Proposed Receiver Order").[1]

  First, AEXG's assertion that Oasis' counsel failed to engage with AEXG and GS Capital after March 18, 2022 is inaccurate. In its letter, AEXG states:

> when counsel for Oasis announced their retention to AEXG and other creditors on Friday, March 18, 2022, counsel for GS Capital responded that day inviting discussion over the weekend or otherwise, and noting the need for the receiver appointment on March 23, 2022 (***because of the desire to avoid a Generex default in another matter for failure to opposed by March 24, 2022***). No reply or comments were received by or on behalf of Oasis until its letter was filed with the Court on March 24, 2022 (ECF Doc. No. 143) … .

AEXG Letter, at p. 2 (emphasis added).

  In fact, Oasis reviewed the Proposed Receiver Order and the Participating Creditors' proposed draft intercreditor arrangement, and, through counsel, Oasis responded with a counter proposal by

---

[1] Capitalized terms used but not defined in this letter shall have the meaning ascribed to such terms in the Proposed Receiver Order.

AFDOCS/25544350.2

**Smart In
Your World**®



email on March 22, 2022.[2]  Counsel for AEXG and GS Capital chose not to respond.  The correspondence also reveals that neither AEXG nor GS Capital responded to undersigned counsel's direct question on March 18 about *"any upcoming court imposed deadlines"* that should be considered.  Instead, and without warning, AEXG filed its letter submitting the Proposed Receiver Order on March 23, 2022.[3]

Second, AEXG suggests that its role as Creditor Representative under the Proposed Receiver Order is not extraordinary because it is analogous to the role of a chair of an unsecured creditors committee.  The entire argument is misplaced (and again casually injects into this proceeding inapplicable bankruptcy concepts).  Under the Proposed Receivership Order, the Creditor Representative would be a  principal of AEXG with an incentive to pursue the interests of the Participating Creditors. By contrast, in a bankruptcy case, an official committee of unsecured creditors is appointed by the Office of United States Trustee (a component of the Department of Justice) and charged with fiduciary and statutory duties owed to an entire class of creditors. The chairperson is then elected by the committee's members and his or her role is governed by the committee's bylaws.

Third, the AEXG Letter concedes the points Oasis made in its March 28, 2022 letter [ECF No. 145] and provides a roadmap for how AEXG and GS Capital intend to exploit the receivership process and the Proposed Receiver Order to achieve what AEXG cannot otherwise accomplish under applicable law, specifically (i) allow only two creditors to direct a Generex bankruptcy filing, and (ii) strip Oasis of its secured liens in order to subordinate the secured claims of Oasis thereby creating a single class of creditors that will enable the Participating Creditors to receive superior treatment than would have been lawfully possible but for this Proposed Receiver Order.[4]

Section 303 of the Bankruptcy Code sets forth the requirements for filing an involuntary petition, and expressly requires that petitioning creditors satisfy a numerosity requirement.  Three

---

[2] Oasis has not attached a copy of this email to this letter because it includes confidential settlement communications. Oasis will file a copy of the email with the contents of the settlement negotiations redacted if the Court so requests.

[3] The AEXG Letter misleadingly argues that the Intervention Motion is untimely because the prior version of the Proposed Receiver Order was filed in November 21, 2021 and that the new version submitted on March 23, 2022 provides "only limited additions" AEXG Letter, at p. 2. In fact, the prior version of the Proposed Receiver Order was quite different. For example, the prior version of the Order included Oasis as a "Participating Creditor" whereas the current version expressly removes Oasis from such definition and the benefits that inure to those "Participating Creditors."

[4] In addition, Oasis requests that the Court consider the equities (or inequities) of this Proposed Receiver Order.  Oasis provided capital to Generex on a secured basis by extending credit and actually loaning funds.  In contrast, AEXG has an arbitration award based upon breach of contract.  On balance, Generex and its creditor body received a benefit from Oasis.  It is only because of a sharp litigation strategy that now targets an innocent third party that Oasis must come forward.

AFDOCS/25544350.2



Hon. Katherine Polk Failla
March 31, 2022
Page 3

creditors must hold non-contingent, undisputed and unsecured debts. If the Participating Creditors cannot lawfully satisfy those requirements (and they cannot), they should not be permitted to use the Receivership as a means for circumventing the express requirements of the Bankruptcy Code. Instead, the Participating Creditors seek to use an order of this Court to override that requirement by directing a Receiver to file chapter 11 and granting the Receiver the authority to assert claims under the Bankruptcy Code. Nor should AEXG and GS Capital be able to use the Receivership process as a means to obtain information for themselves and require the Receiver to incur fees and expenses charged to Oasis only to improperly force a bankruptcy filing in a few weeks with the express goal of challenging Oasis' status as a secured creditor.

The AEXG Letter acknowledges Oasis is a secured creditor with a valid and perfected lien. The Proposed Receiver Order, however, provides for a *pro rata* distribution to all creditors (including Oasis) because, AEXG argues, "such distributions in a liquidation scenario are typical, fair, and in the best interests of Generex's creditors." AEXG Letter, at p. 3. The p*ro rata* distribution provision of the Proposed Receivership Order would leave Oasis in the same class as other creditors even though Oasis (unlike other creditors) bargained for and obtained a secured and perfected lien. In other words, the Proposed Receiver Order could strip Oasis of its contractual liens without notice or due process. AEXG cites to no law or record evidence to support of such an extraordinary result.[5]

The goals and machinations of the Proposed Receiver Order need to be spotlighted for this Court because they are extraordinary, and ultimately incompatible with the requirement that bankruptcy cases be filed in good faith. Again, Oasis remains available to engage in negotiations with all parties and would be open to a mediation to facilitate a resolution. In the event a consensual resolution cannot be achieved, we request an opportunity to be heard.

Respectfully submitted,

ArentFox Schiff LLP

*/s/ George Angelich*

George Angelich

---

[5] The AEXG Letter cites to sections of the Bankruptcy Code under which a secured lien may be avoided as preferential transfer because there is no analogous common law or statutory basis to pursue a preference claim outside of a bankruptcy case.

AFDOCS/25544350.2