**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP,<br><br>Petitioner,<br><br>v.<br><br>GENEREX BIOTECHNOLOGY CORP.<br><br>Respondent. | Civil Action No. 18 Civ. 11585 (KPF)<br><br>**ORDER APPOINTING RECEIVER OVERJUDGMENT DEBTOR'S PROPERTY** |

Petitioner THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP ("AEXG"), having obtained a judgment of $3.3 million in damages, $592,049.92 in legal fees and expenses, $698,153.42 in prejudgment interest, and additional interest at a rate established by 28 U.S.C. § 1961 calculated from April 9, 2021 and continuing to accrue each day thereafter (*see* ECF No. 122, the "Judgment"), and AEXG having moved this Court pursuant to Fed. R. Civ. P. 66, 69, and N.Y. CPLR 5228(a) by way of a Memorandum of Law and Declaration of Richard Alter in support, seeking entry of an order appointing a receiver (the "Receiver") to (i) administer, collect, take immediate possession and control, and/or sell any real or personal property in which Respondent-Debtor Generex Biotechnology Corp. ("Generex") has any interest, including contingent and unliquidated, (ii) do any other acts required to satisfy the Judgment, and (iii) direct Generex to turn over to the Receiver legal and equitable title in its assets, including without limitation, its accounts, intellectual property, and books and records, as well as its equity interest in its subsidiaries, including but not limited to its wholly-owned subsidiaries, and stocks that it owns, pursuant to Fed. R. Civ. P. 64 and 69 and CPLR 5225(a) in an amount sufficient to satisfy the Judgment, plus post-judgment interest (the "Receiver Motion"), and the Court having granted

1

the Receiver Motion by Order dated February 23, 2022, which directed the parties to meet and confer regarding the appointment of an appropriate receiver forthwith, and AEXG's counsel to file a status update regarding a proposal for an appropriate receiver on or before March 8, 2022, and AEXG's counsel having filed a status update requesting additional time to meet and confer with the necessary and appropriate parties and select an appropriate receiver, and the Court having granting AEXG an additional seven (7) days until March 14, 2022 to select an appropriate receiver and meet and confer with Generex, and after a status conference held on April 6, 2022, it is hereby

ORDERED, that Ryniker Consultants, LLC be and hereby is appointed Receiver of all property, including without limitation all real, personal, and intangible property, including without limitation accounts, intellectual property, and legal claims and defenses (and any related privileges), belonging to Generex in title and equity, which includes, for the avoidance of doubt Generex's interests in any entities, including any entities that are identified after the date hereof, and Generex's interests, equity, shares of stock, and accounts receivable including those identified by Generex in response to the information subpoena served upon it (*see* Alter Declaration Exhibits D and E), which includes Generex's shares in, and/or investment values due from, NuGenerex Diagnostics (HDS), Antigen Express (NGIO), Veneto Holdings, L.L.C., Olaregen Therapeutix, Inc., Regentys Corporation, MediSource, Pantheon, Generex Pharmaceuticals (Canada), and Generex Bermuda, as well as bank accounts held by Generex, NuGenerex Distribution Solutions, LLC, NuGenerex Distribution Solutions 2, LLC, GNBTELC, LLC, Rapport Services, LLC, NuGenerex Immuno-Oncology, Inc., NuGenerex Diagnostics LLC, NuGenerex Surgical Holdings, LLC, Olaregen Therapeutix, Inc., Regentys Corporation, NuGenHealth LLC, and NuGenerex Health, LLC, and the proceeds of any of the foregoing (excluding any property exempt from application to the satisfaction of money judgments under

CPLR 5205 and 5206), all subject to valid and perfected existing liens, claims, and encumbrances on the foregoing (collectively, the "Receivership Assets" and, together with the rights relating or appurtenant thereto, the "Receivership Estate") for the purpose of liquidating the Receivership Assets to promptly satisfy creditors of Generex, and is authorized and directed to:

      (i)    take over immediate custody, possession, and control of the Receivership Assets, to collect any of Generex's accounts, both in the form of cash and amounts due to Generex, to obtain control of bank accounts, leases, security deposits, and keys necessary to collect the Receivership Assets, including but not limited to obtainingcopies of all books and records of any type or nature relating to or evidencing Generex's interests or rights in any Receivership Assets, and to take any appropriate actions to satisfy: (a) first, after notice and a hearing, any incurred and unpaid Receiver's Fees (as defined below), other Receiver compensation, and costs incurred by the Receiver in the performance of its duties hereunder, including any Advanced Expenses (as defined below) (the Receivership Assets, after satisfaction of these amounts, the "Net Receivership Assets"), (b) second, valid and perfected existing secured claims against the Receivership Assets, in the amount and priority as allowed under applicable law which are not subject to avoidance or objection under applicable law as determined by the Receiver and, if the subject of an objection, this Court, and only up to the value of the collateral to which each holder of such claim has properly perfected its lien (each a "Secured Claim" and collectively, the "Secured Claims" which shall include, for the avoidance of doubt the asserted secured claim asserted by Oasis Capital, LLC, to the extent it is valid, perfected, and existing), (c) third, on a pro rata basis, any other valid, undisputed, noncontingent, liquidated unsecured claims against Generex including, but not limited to the Judgment

(collectively, the "Unsecured Claims" and, together with the Secured Claims, to the extent such claims are valid, undisputed, noncontingent, and liquidated, the "Verified Claims");

(ii)   identify by its review of the relevant books and records, and any other source of information, the Receivership Estate as well as any entity in which Generex has an interest in addition to the Receivership Assets identified above, whether partial or impartial, and whether direct or indirect, and to include any such entity as part of the Receivership Assets;

(iii)   administer, collect, take immediate possession and control of, and/or sell any Receivership Assets to the extent permitted under applicable law, and to file applications for the turnover of Receivership Assets pursuant to Fed. R. Civ. P. 64 and 69 and CPLR 5225(a) as needed;

(iv)   market, sell or otherwise dispose of the Receivership Assets, in their entirety or in one or more parcels (each, a "Disposition"), in each case subject to all valid, perfected and existing mortgages, security interests, conditional sale or other title-retention agreements, pledges, liens, claims, judgments, demands, unrecorded easements, charges, encumbrances, defects, options, rights of first refusal, rights of reclamation, and restrictions of any kind (collectively, "Interests") on or related to any such Receivership Assets, which Interest shall continue on the Receivership Assets and any proceeds from the Disposition thereof, in the same order, priority, and amount, until satisfied in full pursuant to applicable law, *provided* that, if the Receiver obtains (x) a Court Order allowing such Disposition, or (y) the express written consent of all holders of any Interests on Receivership Assets subject to such Disposition, such Disposition may be free and clear of all such Interests, and all such Interests shall attach to the proceeds of such Disposition in the same priority, extent and amount as such Interests attached to

such Receivership Assets prior to such Disposition, all to the extent that all such Interests are determined to be valid by a court of competent jurisdiction.  The proceeds of any Disposition shall be disbursed by the Receiver in accordance with this Order and further orders of the Court;

(v) hire attorneys, accountants, and any other advisors, brokers or representatives, in its sole discretion, as necessary to effectuate its duties hereunder and maximize timely distributions to creditors from the Net Receivership Assets;

(vi) communicate directly with creditors of Generex regarding any issues, status updates, or questions related to the Receivership Assets;

(vii) establish a deadline and procedures for alleged creditors of Generex to be provided notice of and file claims against the Receivership Estate, and to resolve any such claims;

(viii) to the extent the Net Receivership Assets are insufficient to satisfy the Unsecured Claims, propose a plan of distribution for Net Receivership Assets which will satisfy (x) Advanced Expenses (as defined below), (y) amounts incurred by the Receiver in connection with fulfilling its duties under this Order, and (z) on a pro rata basis the Unsecured Claims;

(ix) if appropriate, to file on behalf of Generex and any other eligible affiliate or subsidiary of Generex to the extent permissible under applicable corporate organizational documents or applicable law, a voluntary petition for relief under chapter 11 or 7 of title 11, United States Code (the "Bankruptcy Code") and in such bankruptcy case (x) the Receiver shall be entitled to an allowed priority claim in any such bankruptcy case for any incurred but unpaid Receiver's Fees and any costs incurred (including without limitation any Advanced Expenses) incurred in connection with fulfilling its

duties under this Order, (y) the Receiver may be empowered to operate the applicable assets or property as a debtor in possession, with all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity;

      (x)    investigate, commence, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind (including without limitations such actions as may be brought by or on behalf of creditors under Article 10 of the New York Debtor and Creditor Law, or similar applicable law), as may in its discretion be advisable or proper to recover and/or preserve the Receivership Estate; and

      (xi)    move this Court for any relief it deems necessary and in the best interests of the Receivership Estate; and it is further

ORDERED that no obligation incurred by the Receiver in the good faith performance of its duties in accordance with the order(s) of this Court, whether pursuant to any contract, by reason of any tort, or otherwise, shall be the Receiver's obligation or the personal obligation of its principals, agents or retained professionals; provided, however, that the Receiver shall be liable for any actions taken in its capacity as receiver to the extent such actions are performed with gross negligence, willful misconduct or fraud. Except as specifically set forth herein with respect to gross negligence, willful misconduct, and fraud, the recourse of any person or entity to whom the Receiver becomes obligated in connection with the performance of its duties and responsibilities shall be solely against the Receivership Assets. Subject to the terms and conditions of this Order and any other order entered by this Court, the Receiver shall have no obligation to advance its own funds to pay any costs and expenses arising from or in connection with its duties as Receiver pursuant to this Order; and it is further

ORDERED that the Receiver shall be compensated as follows: (i) the Receiver shall be entitled to fees at its then current hourly rate, which is currently $400 per hour (the "Receiver's Fees"); (ii) compensation on disbursements under CPLR 8004 not exceeding 4% upon the sums disbursed by the Receiver to satisfy Verified Claims, provided, however, the Receiver shall receive this amount net of Receiver's Fees incurred and awarded (by way of example and not limitation, if the Receiver is entitled to $400,000 under CPLR 8004 and has been awarded $50,000 in Receiver's Fees, it shall be entitled to receive the net of that amount, or $350,000), and in no event shall the Receiver be required to return any amount of awarded Receiver's Fees because they exceed the amount contemplated by CPLR 8004 (*i.e.,* CPLR 8004 shall not act as a cap), and (iii) all reasonable costs incurred by the Receiver in the performance of its duties hereunder shall be reimbursed from Receivership Assets in accordance with the terms of this Order or further order(s) of this Court; and it is further

ORDERED that notwithstanding the foregoing, AEXG and GS Capital Partners LLC (collectively, the "Participating Creditors") have agreed that to the extent there are insufficient Net Receivership Assets, they will advance to the Receiver any reasonable out-of-pocket expenses incurred in connection with fulfilling its duties under this Order; provided, however, that (i) the Receiver shall provide advance written notice from the Participating Creditors' designated representative, Richard Alter (the "Participating Creditors' Representative") before incurring any expenses to be reimbursed by the Participating Creditors in excess of $500.00, and (ii) the Participating Creditors shall have five (5) days to deny or object to the proposed expense in excess of the threshold (and nothing herein shall obligate any person to fund any such expense in excess of the threshold or aggregate expenses in excess of $25,000 or if the reimbursement of any such funding does not have payment seniority over any Secured Claims), and at the expiration of such period the Participating Creditors' Representative shall remit to the Receiver

the amount requested (the "Advanced Expenses"); *provided for the avoidance of doubt that* absent a further order from this Court or a court of competent jurisdiction, no such Participating Creditor or other person shall be granted any Interests on Receivership Assets in connection with Advanced Expenses senior to any existing Interests on such Receivership Assets; and it is further;

ORDERED that the Receiver may, on motion and after notice and hearing and pursuant to Order of this Court, borrow funds from time to time to fund costs and expenses incurred in connection with or in furtherance of fulfilling its duties under this Order, on such terms and conditions as are appropriate in the exercise of the Receiver's discretion and as ordered by the Court, and the Receiver is authorized, on motion and after notice and hearing and on order of the Court, to execute and deliver related loan and security agreements to the extent appropriate to effect the foregoing, *provided that*, absent a further order from this Court or a court of competent jurisdiction, no such lender or other person shall be granted any Interests on Receivership Assets in connection with making any such loan that are senior to any existing Interests on such Receivership Assets; and it is further

ORDERED, all entities that currently or in the future comprise Receivership Assets are required to pay to the Receiver all amounts owing to Generex, including all payment of loans, distributions or payments to which Generex is entitled under the respective operating agreements, articles of incorporation, bylaws, or statutes governing the management of or interests in the Receivership Assets on this date or hereafter accrued, and it is further

ORDERED that the Receiver: (i) shall take possession of all Receivership Assets; (ii) may employ a managing agent, employees, clerks, attorneys and accountants incidental to his/her services, with all costs relating thereto to be funded with sums recovered from Net Receivership Assets; (iii) may incur the risks and obligations ordinarily incurred by receivers; and (iv) may

perform any and all acts and exercise all authority with respect to the Receivership Assets that Generex is authorized, empowered, obligated, or otherwise permitted to do in order to receive distributions or payments to which Generex is entitled under the respective operating agreements, articles of incorporation, bylaws, or statutes governing the management of the Receivership Assets by the Receiver, and it is further

ORDERED that, the Receiver shall not be permitted to distribute any Receivership Assets and/or any funds derived therefrom to any creditor or stakeholder of Generex except with the express permission of this Court after notice and a hearing on a motion by the Receiver, on notice to all parties to this action, all holders of known Interests in any such Receivership Asset, all holders of Verified Claims which have submitted a claim to the Receiver, and any other party which submits a written request for notice and a demand for service of papers (collectively, the "Notice Parties"); provided that the Receiver shall be permitted to pay costs and Advanced Expenses in the ordinary course; and it is further

ORDERED that any and all persons claiming any interest in or relating to any of the Receivership Assets be and hereby are and shall be enjoined from (i) commencing any action against the Receiver or any of the Receivership Assets, (ii) interfering or impeding in any manner or to any extent with the Receiver's possession, dominion and control of the Receivership Assets, (iii) interfering or impeding in any manner or to any extent with the discharge of the duties of the Receiver as outlined herein, except with the express permission of this Court after filing a motion on notice to the Receiver and Notice Parties; provided, however, that the foregoing shall not enjoin any persons with respect to any action pursuant to section 303 of the Bankruptcy Code; and it is further

ORDERED that pursuant to Section 202.52 of New York's Uniform Civil Rules for the Supreme Court and the County Court (i) the Receiver shall keep a written account for the

Receivership Assets subject to the terms of this Order, (ii) the Receiver shall promptly deposit any funds received in an interest-bearing account in the following bank or trust company designated by the Court: East West Bank, (iii) the account shall be in the Receiver's name as receiver and shall show the name of the above-referenced matter, (iv) the depository shall furnish monthly statements to the Receiver, and (v) no funds shall be withdrawn from the Receiver's account, and no check thereon shall be honored, except as expressly provided in this Order or otherwise directed by future orders of the Court, however, this provision will not prevent the Receiver from paying such ordinary or routine expenses of less than $500.00 as are consistent with the Receiver's execution of duties under this Order and as set forth above, and it is further

ORDERED, that at such intervals as the Receiver deems appropriate, the Receiver shall apply, upon notice to the Notice Parties, for permission to: (i) pay all the costs and expenses of the Receiver incurred in carrying out the responsibilities of the receivership on behalf of the Receivership Estate, including without limitation the Advanced Expenses, but not including general office expenses, (ii) pay all of the Receiver's Fees earned during the administration of the Receivership Estate, (iii) receive compensation on distributions made from Receivership Assets pursuant to CPLR 8004 within the limits set forth herein, and/or (iv) pay the fees and expenses of the Receiver's retained professionals in connection with the administration of the Receivership Estate, including, without limitation, accountants, attorneys and financial advisors; all of (i) through and including (iv) above to be paid from the Net Receivership Assets, unless this Court orders otherwise, and it is further

ORDERED, that the Participating Creditors, before the Receiver's entering upon its duties, shall provide a surety to be approved by the Court in the sum of $1,000.00, and file that bond in the Office of the Clerk of the Southern District of New York, and serve copies thereof upon all the Receiver and all Notice Parties, and it is further

ORDERED that the Receiver, before entering upon its duties, shall give an undertaking to faithfully discharge its duties, and that upon this undertaking, the filing of this Order and the final approval and filing of the bond as required by law, the Receiver shall be invested with all the rights and powers of a receiver as such according to law and practice; and it is further

ORDERED that within 30 days of the entry of this Order, the Receiver shall file a status report with the Court, which report shall include a summary of receivership activities to date, a list of Receivership Assets proposed for Disposition, a proposed deadline to commence distributions of Net Receivership Assets, and considerations for a continuation or discontinuation of the receivership as compared to a bankruptcy proceeding, and the reasons for such considerations; and it is further

ORDERED that within 30 days after the end of each calendar quarter, beginning on April 30, 2022, the Receiver shall file with the Court and serve on the Notice Parties a report and accounting of the Receivership Assets, reflecting the existence, value, and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Generex with respect to such Receivership Assets, and including a summary of the operations and costs or expenses of the Receiver; and it is further

ORDERED, that all persons, known or unknown, including, but not limited to, Generex (including for the avoidance of doubt all affiliates and subsidiaries in which Generex, the judgment debtor, has a controlling interest) are temporarily, until all Verified Claims are satisfied and the Receiver is discharged from its duties, restrained from: (i) disposing of any Receivership Assets now or hereafter subject to this Order, including by issuing, transferring, or disposing of shares of stock, except to transfer such property to the Receiver; (ii) diverting, concealing, encumbering, ortransferring any personal property constituting Receivership Assets; and (iii)

interfering in any manner with the discharge of the Receiver's duties under this Order; and it is further

ORDERED, that Generex and its present and former officers, directors, managers, members, employees, agents, affiliates, and other individuals previously exercising or having the power to exercise control over the affairs of Generex, including, without limitation, any accountants, attorneys and any other representatives, shall have no actual or implied authority with respect to any Receivership Assets or any part of the Receivership Estate, except to the extent as may hereafter be expressly granted by the Receiver, and all such persons or entities are hereby directed to do the following:

(i)     immediately deliver to the Receiver possession of any and all Receivership Assets, including all real property, personal property (tangible and intangible), including servers, computers, keys, access cards, passcodes, passwords, records, books of account, ledgers and all business records for Receivership Assets, bank accounts and related statements, investment accounts and related statements, payroll records, personnel files, operating statements, loan agreements, contracts, and all other records, documents, insurance policies and instruments of whatever kind and nature which relate to the operation and control of any part of the Receivership Assets, wherever located and in whatever mode maintained, including those documents and information which are electronically stored or maintained;

(ii)    execute and deliver to the Receiver all documents necessary for the Receiver to take possession of the Receivership Assets, including, without limitation, those assets identified in (i) above;

(iii)   assist and cooperate fully with the Receiver and its administration of the Receivership Estate and the discharge of its duties, including, without limitation, to promptly, fully, and truthfully answer any questions asked by the Receiver concerning Generex and any of

its assets, including documents, books, and records, provided, however, that no duplication of production of documents shall be required to the extent that such documents have already been produced in this matter;

      (iv)    comply with any and all order(s) issued by this Court, including this Order;

      (v)    submit to examination by the Receiver, or by any other person upon order of the Court, under oath, concerning the acts, conduct, property, liabilities and financial condition of that person or any matter relating to the Receiver's administration of the Receivership Estate; and

      (vi)    comply with all reasonable instructions of the Receiver in connection with its duties; and it is further

ORDERED, that all financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the Receivership Estate, including any matters relating to licenses, permits, accounts, and contracts of Generex. All funds held on deposit on behalf of Generex or for the benefit of Generex by any third party shall be surrendered to the Receiver, or applied to an appropriate account, as may be directed by the Receiver. Unless abandoned or rejected by the Receiver, all licenses, permits, accounts, leases, agreements, and contracts of Generex shall remain in full force and effect as they relate to any third party. The commencement of this receivership shall not form a basis for any third party to terminate, annul, rescind, revoke, suspend, or otherwise frustrate the performance of any such license, permit, account, lease, agreement or contract; and it is further

ORDERED that the Receiver shall have no duties or obligations except for duties and obligations of a receiver and as specifically identified in this Order. The Court acknowledges that the Receiver's ability to perform its duties under this Order may be limited by various factors,

including, but not limited to, the Receiver's limited access to information. The Court therefore requires only the Receiver's commercially reasonable efforts to comply with the duties set forth in this Order, and the Receiver may at any time apply, at any time on noticed motion, to this Court for further or other instructions, or for a modification of this Order for additional, modified or expanded powers necessary to enable the Receiver to perform the Receiver's duties properly or for a termination of the Receiver's appointment and discharge; provided, however, that in the event of a request for termination of the Receiver's appointment, Receiver shall (i) file a request for final payment of the Receiver's Fees and any outstanding expenses, and (ii) cooperate with its successor and use commercially reasonable efforts to ensure a smooth transition; and it is further

ORDERED, that the receivership and the Receiver's appointment hereunder shall not be terminated, and the rights and obligations of parties subject to this Order shall remain in full force, until this Court approves the Receiver's final report, or until the Court enters an order terminating the receivership. Upon discharge, the Court shall also exonerate the Receiver's bond. The Receiver's discharge shall release the Receiver from any further duties and responsibilities as receiver; and it is further

ORDERED, that this Court shall retain jurisdiction over any disputes arising from the receivership or relating to the Receiver's actions therein or to Receivership Assets, which jurisdiction shall be exclusive and shall survive the termination of the receivership, except in the event of a bankruptcy filing on behalf of Generex or any of its affiliates, in which case the bankruptcy court shall have jurisdiction over property of the estate as set forth in and pursuant to the terms of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

SO ORDERED

Dated: April 11, 2022
New York, New York

Hon. Katherine Polk Failla
United States District Judge