**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THREE BROTHERS TRADING, LLC, d/b/a
ALTERNATIVE EXECUTION GROUP,

                Petitioner,

    v.

GENEREX BIOTECHNOLOGY CORP.,

            Respondent.

Civil Action No. 18-CV-11585 (KPF)

**PETITIONER'S ANSWER TO**
**INTERVENOR COMPLAINT**

       Petitioner, THREE BROTHERS TRADING, LLC, d/b/a ALTERNATIVE EXECUTION GROUP, by and through its attorneys, COFFEY MODICA O'MEARA CAPOWSKI LLP, hereby responds to the Intervenor Complaint of the Intervenor-Petitioner, OASIS CAPITAL, LLC, upon information and belief, as follows:

1.     Denies that the members of the Petitioner reside in Mamaroneck, New York and denies that the Petitioner's principal place of business is 708 Third Ave., New York, New York 10017, but admits that Three Brothers Trading LLC does business as Alternative Execution Group and that it is a limited liability company under the laws of New York.

2.     Admits that Generex Biotechnology Corp. ("Generex") is a Delaware entity, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

4.      Paragraph "4" of the Intervenor Complaint asserts a conclusion of law to which no response is required, and Petitioner refers all questions of law to this Honorable Court.

5.      Admits that Petitioner and Generex have agreed to litigate their dispute in this Court, and admits that the Court has personal jurisdiction over the Intervenor due to its intervention, but otherwise denies knowledge or information sufficient to form a belief as to the truths of the allegations set forth in paragraph "5" of the Intervenor Complaint.

6.      Admits that the loan agreements referenced exist, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

8.      Admits that a UCC-1 Financing Statement was filed, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

9.      Admits that Oasis has alleged a "claim" against Generex, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

11.    Admits the allegations contained in paragraph "11" of the Intervenor Complaint.

12.    As paragraph "12" of the Intervenor Complaint refers to a written document, Petitioner refers the Court to said document for its true and correct contents.

13.    The first sentence of Paragraph "13" of the Intervenor Complaint uses the subjunctive to describe a now-actual condition and is thus not capable of a proper response, but for the avoidance of doubt Petitioner denies the Intervenor's characterization of the Receiver Order as being in any way impermissible and denies having knowledge or information sufficient to determine whether said order "negatively effects" the Intervenor's rights.  Petitioner admits that the Intervenor filed a letter with the Court on March 28, 2022, refers the Court to the document referenced therein, otherwise denies the truth of the allegations set forth in the remainder of said paragraph, and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

14.    The allegations in paragraph "14" require no response.


**ANSWERING INTERVENOR-PETITIONER'S FIRST CAUSE OF ACTION**

15.    As and for a response to the allegations contained in the Intervenor Complaint designated as paragraph numbered "15", Petitioner repeats, reiterates and realleges each and every response previously set forth with respect to paragraphs numbered "1" through "14" of the Answer with the same force and effect as if fully set forth at length herein.

16.     The allegations of paragraph "16" of the Intervenor Complaint refer to a written document, and Petitioner therefore refers the Court to the document itself for its true terms, and refers all questions of law to the Honorable Court and all questions of fact to the trier of fact.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

## ANSWERING INTERVENOR-PETITIONER'S SECOND CAUSE OF ACTION

19.     As and for a response to the allegations contained in the Intervenor Complaint designated as paragraph numbered "19", Petitioner repeats, reiterates and realleges each and every response previously set forth with respect to paragraphs numbered "1" through "18" of the Answer with the same force and effect as if fully set forth at length herein.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Intervenor Complaint and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

22.     Admits that the Intervenor seeks a declaration as set forth in paragraph "22" of the Intervenor Complaint, and refers all questions of law to this Honorable Court and all questions of fact to the trier of fact.

23.    Denies the allegations of paragraph "23" of the Intervenor Complaint.

Dated: May 4, 2022

Respectfully submitted,

COFFEY MODICA O'MEARA CAPOWSKI LLP

/s/ John F. Watkins

John F. Watkins
Sofya Uvaydov
Samuel L. Newman
200 East Post Road, Suite 210
White Plains, NY 10601
(212) 827-4501
jwatkins@cmocllp.com
suvaydov@cmocllp.com
snewman@cmocllp.com
Attorneys for Petitioner