**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

THREE BROTHERS TRADING, LLC, d/b/a           :
ALTERNATIVE EXECUTION GROUP,                 :
                                             :
                Petitioner,                   :
                                             :       Index No. 18-cv-11585 (KPF)
     -against-                         :
                                             :
GENEREX BIOTECHNOLOGY CORP.,                 :       ┌─────────────────────────┐
                                             :       │  **MEMO ENDORSED**       │
                Respondent.                   :       └─────────────────────────┘
----------------------------------------------------------------x

**FINAL REPORT AND MOTION OF RYNIKER CONSULTANTS, LLC, AS THE
COURT-APPOINTED RECEIVER, FOR AN ORDER TERMINATING THE
RECEIVER'S APPOINTMENT AND DISCHARGING IT OF ITS DUTIES
UNDER THE COURT'S ORDER DATED APRIL 11, 2022 [DOCKET NO. 159]**

**TO THE HONORABLE KATHERINE POLK FAILLA,**
**UNITED STATES DISTRICT JUDGE:**

Ryniker Consultants, LLC (the "Receiver"), by and through his counsel, Klestadt Winters

Jureller Southard & Stevens, LLP, as and for his final report to this Court and motion (the

"Motion") for entry of an order terminating the Receiver's appointment, discharging it of its duties

under the Receivership Order and for a final award of fees, respectfully represents.

      1.     On February 22, 2022, this Court entered an order granting the petition of Three

Brothers Trading, LLC, d/b/a Alternative Execution Group ("AEXG") seeking the appointment of

a Receiver.

      2.     On or around March 10, 2022, the Receiver was informed by AEXG that the

Receiver was selected to serve, subject to the approval of this Court and entry of a proper order.

      3.     On April 11, 2022, this Court entered the Receivership Order appointing the

Receiver.

      4.     On April 23, 2022, an involuntary bankruptcy proceeding was filed against Generex

under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") by certain creditors in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") and remains pending before the Honorable Peter D. Russin under Case No. 22-13166.

5.        Upon the filing of the Chapter 7 Case, an automatic stay (the "Automatic Stay") is effective immediately over all property interests of Generex in accordance with sections 362 and 541 of the Bankruptcy Code. At such point as the Receiver became aware of the Chapter 7 Case, the Receiver precluded by operation of the Automatic Stay and section 543 of the Bankruptcy Code from taking any further actions with regard to the Receivership Estate, except as may be necessary to preserve the same.

6.        The Bankruptcy Court entered an "order for relief" in the Chapter 7 Case on June 6, 2022 and then subsequently appointed Marc P. Barmat as trustee in the Bankruptcy Case (the "Chapter 7 Trustee") on June 7, 2022.

7.        On December 22, 2022, this Court entered an Order directing the Receiver to submit a report or formal request to terminate the Receiver from its Obligations under the Receivership Order on or before January 13, 2023. This Motion is intended to comply with the requirements of such Order.

8.        As evidenced by the declaration of Brian Ryniker dated January 6, 2023 in support of this Motion (the "Receiver's Declaration"), the Receiver promptly contacted the Chapter 7 Trustee following his appointment and complied with all obligations imposed on the Receiver under section 543(b) of the Bankruptcy Code, including by providing to the Chapter 7 Trustee all relevant information and data collected in relation to Generex during his tenure.

9.        The Receiver's Declaration also clarifies that the Receiver never collected nor recovered any liquid funds or other physical assets that required surrender or transfer to the Chapter

7 Trustee.

10.     The Receiver's Declaration sets forth the costs and fees incurred by the Receiver and his professionals during his tenure.  Proofs of claim were filed in the Bankruptcy Case on or about November 3, 2022 asserting priority claims for the costs and fees incurred.

11.     In light of the appointment of the Chapter 7 Trustee and the pendency of the Automatic Stay, the Receiver expects that no party in interest will see any continued benefit to pendency of the instant proceeding before the Court.  The Chapter 7 Trustee has stated no opposition to the relief requested nor any intention to invoke the Automatic Stay in relation to this Motion.

**WHEREFORE**, the Receiver respectfully requests that this Court enter an order terminating the Receiver's appointment and discharging and releasing the Receiver from any further duties or obligations under the Receivership Order, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         January 6, 2023

                                        **KLESTADT WINTERS JURELLER**
                                        **SOUTHARD & STEVENS, LLP**


                              By:   */s/Sean C. Southard*
                                    Sean C. Southard
                                    Fred Stevens
                                    200 West 41st Street, 17th Floor
                                    New York, New York 10036
                                    Tel: (212) 972-3000
                                    Fax: (212) 972-2245
                                    Email: fstevens@klestadt.com
                                           ssouthard@klestadt.com

The Court is in receipt of the above motion to terminate the Receiver, as well as an accompanying affidavit.  (Dkt. #169).  On December 22, 2022, the Court ordered the parties to submit a joint letter providing the Court with updates regarding the involuntary Chapter 7 bankruptcy proceedings by January 13, 2023.  (Dkt. #168).  However, the parties have not submitted a joint letter in line with the Court's Order. Accordingly, the parties are hereby **ORDERED** to submit a joint letter by **January 23, 2023,** both (i) providing a response to the Receiver's above motion; and (ii) apprising the Court of any updates in the involuntary Chapter 7 bankruptcy proceedings.  The Court will reserve decision on the Receiver's motion until the parties submit this joint letter.

Dated:     January 17, 2023          SO ORDERED.
           New York, New York


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE